## TOWNSHIP OF ROCK CREEK *v.* STRONG.

1. The act of the legislature of Kansas, entitled " An Act to authorize counties, incorporated cities, and municipal townships to issue bonds for the purpose of building bridges, aiding in the construction of railroads, water-power, or other works of internal improvement, and providing for the registration of such bonds, and the repealing of all laws in conflict therewith," approved March 2, 1872 (c. 68, Laws of Kansas, 1872, p. 110), authorizes a township to issue its bonds to aid in constructing within its limits the depots and side-tracks of an existing railroad.

2. The provisions of that act, that the bonds shall be payable in not less than five nor more than thirty years from the date thereof, with interest not to exceed ten per cent per annum, all in the discretion of the officers issuing the same, are directory, and not of the essence of the power to issue.

3. Certain municipal bonds, dated Sept. 10, 1872, and payable thirty years from Oct. 15, 1872, with interest thereon at the rate of seven per cent per annum, payable semi-annually on the fifteenth days of April and October of each year, were registered by the auditor of the State Oct. 17, 1872. *Held*, that their legal effect is precisely what it would have been had the date inserted been Oct. 15 instead of Sept. 10, 1872.

4. The action of the persons or the tribunal authorized by law to determine the result of an election held for the purpose of ascertaining whether a municipal township shall issue its bonds in aid of an object authorized by law is conclusive, and a *bona fide* purchaser of the bonds is under no obligation to look beyond it.

5. A municipal bond, on the back of which is indorsed the certificate of the auditor of the State that it has been duly registered in his office according to law, is not invalid because he failed to make in his office an entry of his action.

ERROR to the Circuit Court of the United States for the District of Kansas.

This was an action by Strong, against the township of Rock Creek, Jefferson County, Kansas, upon interest coupons attached to bonds issued by it to aid in constructing within its limits the depots and side-tracks of the Atchison, Topeka, and Santa Fé Railroad. The bonds refer to the act of the legislature under which they were issued, and are of tenor following : —

" $1,000.]        UNITED STATES OF AMERICA.        [No. ———.

" ROCK CREEK TOWNSHIP RAILROAD AND DEPOT BONDS.

" *State of Kansas, County of Jefferson.*

" Thirty years from the fifteenth day of October, 1872, the township of Rock Creek, in the county of Jefferson and State of Kansas,

for value received, promises to pay to the Atchison, Topeka, and Santa Fé Railroad Company, or bearer, the sum of $1,000, in lawful money of the United States, with interest from the said fifteenth day of October, 1872, at the rate of seven (7) per cent per annum, payable semi-annually on the fifteenth days of April and October of each year, upon the presentation and surrender, as they severally become due, of the proper coupons therefor hereto attached, both principal and interest payable at the Fourth National Bank in the city of New York, and State of New York.

"This bond is one of a series, amounting to the sum of $20,000, made and issued to the said Atchison, Topeka, and Santa Fé Railroad Company in payment of a subscription and donation to the said company in aid of the construction of its railroad depots and side-tracks, in said township, under and in pursuance of the provisions of an act of the legislature of the State of Kansas, entitled 'An Act to authorize counties, incorporated cities, and municipal townships to issue bonds for the purpose of building bridges, aiding in the construction of railroads, water-power, or other works of internal improvement, and providing for the registration of such bonds, the registration of other bonds, and the repealing of all laws in conflict therewith,' approved March 2, 1872; and the faith of the said township is hereby pledged for the redemption and payment of said bonds and the interest coupons thereto attached.

"In testimony whereof, the township trustee and clerk of said Rock Creek township have hereunto set their hands as such trustee and clerk, as by law it is provided shall be done, this tenth day of September, A.D. 1872.

"N. A. Lafon, *Trustee.*

"Attest: Albert Owen, *Clerk.*"

Indorsed on the back thereof as follows: —

"State of Kansas, ss.

"I, auditor of the State of Kansas, do hereby certify that this bond has been regularly and legally issued, and the signatures thereto are genuine, and that the same has been duly registered in my office according to law.

"In witness whereof, I have hereunto set my hand and affixed my seal of office, at the city of Topeka, this seventeenth day of October, A.D. 1872.

[L. S.]                              "A. Thoman, *Auditor.*"

The coupons are in the usual form.

The plaintiff having at the trial introduced evidence tending

to show that he was an innocent purchaser for value of the coupons before maturity, the defendant offered evidence tending to show, —

1. That the only election held in the township upon any proposition of issuing the bonds was one held Aug. 27, 1872, pursuant to the notice of the trustee and clerk of the township, dated July 30, of that year, for the purpose of submitting to the qualified voters of the township " the question of aiding in the construction of two permanent depots, with side-tracks to accommodate the same, on the line of the Atchison, Topeka, and Santa Fé Railroad, in said township, by a donation to the Atchison, Topeka, and Santa Fé Railroad Company of the bonds of said township, in the sum of $20,000, to be issued in sums of $1,000 each, payable in thirty years from the date of issue, payable in the city of New York, and bearing interest at the rate of seven per cent per annum, payable semi-annually in the city of New York, signed by the trustee of said township and attested by the township clerk, and upon the following conditions, to wit: Said bonds to be issued as aforesaid, and delivered to the said company whenever said company shall have constructed and completed said depots and said side-tracks in said township, the same to be located as follows, to wit: one depot at some point within one-half of one mile of the point where said company's railroad intersects the line between the north-east quarter of the south-east quarter of section twenty, township nine, in range seventeen east; and the other depot at a point within one-half of one mile of the point where said company's railroad intersects the west boundary line of section seven, in township ten, range seventeen east, and each to be accommodated with side-tracks suitable and of sufficient length for the accommodation of the business to be done at said depots, the said company to erect said depots and each of them, and to construct the said side-tracks of the same, so that the same shall be ready for use, and the reception of business thereat, on or before the fifteenth day of October, A.D. 1872; otherwise, the said company to forfeit all claims to the said bonds." That the total number of votes cast by qualified electors of said township was one hundred and two, of which fifty-one were for, and fifty-one were against, the said proposition; and that one

Rice, who was not a qualified elector of said·township, cast his vote in favor of said proposition.

2. That the board of county commissioners of said county never canvassed the returns of said election, and never determined nor declared the result of any election in said township to be in favor of issuing any of the bonds of said township; but upon the records of the county the following entry, certified in due form, was made prior·to the issue of the bonds:—

"FRIDAY, Aug. 30, 1872. At this, a called meeting of the·board, there were present H. W. Wellman and P. M. Gilbert.

"The board proceeded to canvass the vote of Rock Creek township, on the proposition to donate the bonds of said township to the Atchison, Topeka, and Santa Fé Railroad Company, and determine the following as a result of said election:—

"For the issuing of said bonds . . . .   52 votes.
Against the issuing of said bonds  . .   51   „
        "Total . . . : . . . . . .   103   „

"Adjournment: Upon motion, it was ordered that the board adjourn, to meet Monday, Sept. 2, 1872."

3. That there is not now, and never has been, in the office of the auditor of the State of Kansas, any registration of any such bonds of said·township; but his certificate of registration was placed on them.

4. That the·depots and side-tracks mentioned in said bonds were located and erected upon and appurtenant to a railroad built and in operation through said township prior to said election.

Whereupon the following questions arose, upon which the judges were divided in opinion:—

1. Does the act of the legislature of the State of Kansas, referred to in said bonds, authorize the issue of the bonds of a township to aid in the construction of depots and side-tracks, as recited in the bonds in suit?

2. Are the bonds mentioned in plaintiff's petition void, for the reason that they are made payable thirty years and thirty-five days from their date of execution therein written, but only drawing interest for the last thirty years of said time?

3. Is the defendant estopped by the recitals in said bonds from introducing the testimony as above stated?

4. On the foregoing facts, is the plaintiff entitled to recover?

Judgment having been entered in favor of the plaintiff, in accordance with the opinion of the presiding judge, the defendant sued out this writ of error.

*Mr. George R. Peck* for the plaintiff in error.

There being no express authority conferred by the act of March 2, 1872, for a municipal township in Kansas to issue its bonds in aid of the construction of depots and side-tracks for a railroad which was then built, any doubt as to the existence of the power supposed to be conferred must be resolved against it. *Minturn* v. *Larue*, 23 How. 435; *Thompson* v. *Lee County*, 3 Wall. 327; *Thomas* v. *City of Richmond*, 12 id. 349.

The legislature did not intend to confer such authority, as it is the legal duty of a railroad corporation to furnish the necessary depots and side-tracks for the accommodation of the public. *St. Joseph & Denver City Railroad Co.* v. *Ryan*, 11 Kan. 602; *Pacific Railway Co.* v. *Seeley*, 45 Mo. 212.

The objects in aid of which the bonds were issued cannot be claimed to be works of internal improvement, within the meaning of that act. *Township of Burlington* v. *Beasley*, 94 U. S. 310.

The bonds having been issued for a period of time in excess of that fixed by law, they are void on their face. *Commissioners of Marion County* v. *Clark*, 94 U. S. 278. The presumption is that they were delivered on the day of their date. 1 Pars. Bills and Notes, 42; Edwards, Bills, 144; *Anderson* v. *Weston*, 6 Bing. N. C. 296.

The plaintiff in error was not estopped by the recitals in the bonds from showing that the conditions precedent to their issue had not been complied with, because the right to determine those questions was vested in an entirely different tribunal from the one authorized to issue the bonds. *Town of Coloma* v. *Eaves*, 92 U. S. 484.

The record shows that the bonds were never registered as required by the statute. They were, therefore, not negotiable. Negotiability could be imparted to them only by the fact of registration, not by the mere certificate of the auditor.

*Mr. H. Strong*, for the defendant in error, in support of the judgment below, cited *Leavenworth* v. *Miller*, 7 Kan. 536; *Knox County* v. *Aspinwall*, 21 How. 544; *Moran* v. *Miami County*, 2 Black, 732; *Mercer County* v. *Hackett*, 1 Wall. 83; *Supervisor* v. *Schenck*, 5 id. 784; *Town of Coloma* v. *Eaves*, 92 U. S. 484; *Town of Venice* v. *Murdock*, id. 494; *Converse* v. *Fort Scott*, id. 503; *Marcey* v. *Town of Oswego*, id. 637; *Humboldt Township* v. *Long*, id. 642; *Leavenworth County* v. *Barnes*, 94 id. 70; *Douglass County* v. *Bolles*, id. 104; *Johnson County* v. *January*, id. 202; *Township of Burlington* v. *Beasley*, id. 310; *County of Moulton* v. *Rockingham Bank*, id. 631; *Town of East Lincoln* v. *Davenport*, id. 801.

MR. JUSTICE STRONG delivered the opinion of the court.

The act of the Kansas legislature approved March 2, 1872, expressly authorized the issue of township bonds "to aid in the construction of railroads or water-power, by donation thereto, or the taking of stock therein, or for other works of internal improvement." Like all expressions of legislative will, this provision of the act must receive a reasonable construction, and we cannot doubt that in the grant of power to aid in the construction of railroads or other works of internal improvement is included authority to assist in the construction of depots and side-tracks of a railroad. Such constructions are constituents, — essential parts of every railroad, without which it would be incomplete and incapable of serving the uses for which it is intended. The cost of building them is always, and properly, charged to construction account, and not to repairs or expenses of operation; and a mortgage of a railroad, without further description than such as is necessary to identify it, covers its side-tracks and depots.

We do not see any force in the argument pressed upon us by the plaintiff in error, that, because it was the duty of the railroad company to furnish suitable side-tracks and depots, the act of 1872 cannot be construed as authorizing the issue of township bonds to aid in building such structures. It was equally the duty of the company to build the main line, and it is not questioned that the township was empowered to aid in doing that work. Nor is there any thing in the proviso to the act that

tends in the least degree to the conclusion that the legislature did not mean to authorize aid to the building of depots.

The first question certified to us was, therefore, correctly answered by the Circuit Court in the affirmative, and the first assignment of error is overruled.

The second question certified is, "Are the bonds mentioned in the plaintiff's petition void, for the reason that they are made payable thirty years and thirty-five days from their date of execution therein written, but only drawing interest for the last thirty years of said time?"

The second section of the act authorizing their issue enacted that the bonds should be payable in not less than five nor more than thirty years from the date thereof, with interest not to exceed ten per cent per annum, all in the discretion of the officers issuing the same. These provisions were obviously directory, and not of the essence of the power. The bonds issued were dated Sept. 10, 1872, made payable thirty years from the fifteenth day of October, 1872, with interest thereon from that time at the rate of seven per cent. When they were delivered to the railroad company does not appear, though they were not registered by the auditor of the State until Oct. 17, 1872. They were thus practically thirty-year bonds, bearing a less rate of interest than the rate authorized. Their legal effect is precisely what it would have been had the date inserted been Oct. 15, instead of Sept. 10, 1872. Substantially, therefore, the legislative direction was followed. The doctrine of *Commissioners of Marion County* v. *Clark* (94 U. S. 278) is applicable to the present case.

The third assignment of error is that the court erred in not holding the township was not estopped by the recitals in the bonds from introducing the testimony offered. The bonds were executed by the township trustee, and attested by the township clerk. These were the officers designated by the statute to execute such bonds. The recitals were that the bonds were made and issued in pursuance of the provisions of the act of the legislature of March 2, 1872. But whether the recitals were an estoppel against showing what the defendant proposed to show, or whether they were not, is quite immaterial in this case. The proof offered was, that, in the records of the county

commissioners of the county of which Rock Creek township is a part, it appeared the board had canvassed the vote at the election held to determine whether the township should issue the bonds, and had determined the result to be, for the issue, fifty-two votes, against the issue, fifty-one votes, making one hundred and three votes in all cast; but that in fact no canvass was made, and that only one hundred and two votes were cast, fifty-one of which only were in favor of issuing the bonds, and that one person who voted in favor was not a qualified elector.

Now, if the town clerk and treasurer were not the persons authorized by law to determine the result of the election, the board of county commissioners were, and their action, according to all our rulings, was conclusive  A *bona fide* purchaser of the bonds was under no obligation to look beyond it.  It was not his duty to canvass the vote, much less to ascertain whether those who had voted were qualified electors.  The law cast the duty upon the board, and in such a case the action of the board must be found in their records.  If it be admitted that the purchaser of the bonds was under obligation to inquire whether an election had been held, and what its result was, the only place to which he could resort for the information sought was the records of the board; and, had he sought there, he would have found that the township clerk and treasurer could rightfully issue the bonds.  It follows that the evidence offered by the defendant was quite immaterial, or, if not, that it was destructive to his defence.

The defendant further offered to show that no registration of the bonds exists, or ever has been in the office of the auditor of the State, though the auditor's certificate of registration does appear upon the bonds.  We cannot think this evidence, if admitted, could in any degree avail the defendant.

The certificate of that officer indorsed on the bonds was all that was required for the holder of them.  If the State auditor failed to make in his office an entry of his action, we do not perceive how his failure in this respect can invalidate bonds upon which he has certified a registration.

*Judgment affirmed.*