STATE OF NEBRASKA, EX REL. J. C. HOFFMAN ET AL.,
v. EUGENE MOORE, AUDITOR.

FILED DECEMBER 7, 1895. No. 7720.

1. **Municipal Bonds.** The validity of municipal bonds is not affected by an apparent irregularity which does not operate as an evasion of any provision of law, or a departure from the proposition ratified by the voters.

2. ———: ANTEDATE: MANDAMUS. January 10, 1895, the Boyd county board ordered an election for the purpose of voting on a proposition to issue funding bonds. The election was held February 19, and the proposition carried. The bonds were presented for registration in April. They were in exact conformity with the proposition submitted, bore interest at six per cent, matured twenty years after date, and were redeemable at the option of the county board ten years after date, but were dated January 2, 1895, this date being a portion of the proposition submitted to vote. *Held,* That the antedating of the bonds under these circumstances was not a substantial defect.

ORIGINAL application for *mandamus* to compel the respondent to register certain bonds of Boyd county. *Writ allowed.*

*C. C. Flansburg,* for relators.

*A. S. Churchill, Attorney General,* and *W. S. Summers, Deputy Attorney General,* contra.

IRVINE, C.

This was an original application by the county commissioners of Boyd county for a writ of *mandamus* to compel the respondent, as auditor of public accounts, to register certain bonds of Boyd county. In brief, the application for the writ discloses that on the 10th of January, 1895, the relators, as county commissioners, found and determined that the indebtedness of Boyd county, evidenced by

judgments, warrants, and claims, was $20,000, and less than ten per cent of the assessed valuation of the county; that thereupon they ordered a special election to be held on the 19th day of February for the purpose of voting on the proposition of issuing bonds in the sum of $20,000, for the purpose of funding such indebtedness; that the proposition submitted was for the issue of bonds in the sum of $20,000, to be dated January 2, 1895, to draw interest at the rate of six per cent per annum, payable semi-annually, on the 2d day of July and the 2d day of January of each year, until said bonds should be paid, said bonds to run twenty years from the date thereof; provided, however, that they might be made redeemable at the option of the county board at any time after ten years from the date thereof. The proposition also provided for the place of payment and for sale at not less than par and for the levy of a tax to pay the bonds. It is further alleged that due notice of the election was given, the election held and canvassed, and said proposition found to have been carried; that on "the —— day of April, 1895," the bonds having been prepared and executed in all respects in accordance with the proposition, were presented for registration and registration refused. To this application the respondent demurred. The only question argued in support of the demurrer was that arising from the fact that the bonds bore date January 2, 1895, while the election was not ordered until January 10, or held until February 19, and the bonds not in fact issued in April, when offered for registration. The statute authorizes such funding bonds to be issued after an election authorizing the same, "to run not more than twenty years nor less than five years, with interest at a rate not to exceed seven per cent per annum, payable semi-annually; * * * *Provided*, That such bonds may be made redeemable at any time after five years, at the option of the county board." (Compiled Statutes, sec. 133, art. 1, ch. 18.) It is also provided that whenever a bond of any county

shall be presented to the auditor for registration, the auditor shall detach as many interest coupons as shall mature before the first taxes levied to meet the same shall become due and collectible. (Compiled Statutes, sec. 37, ch. 9.) We think that in this case the antedating of the bonds in nowise affects their validity or regularity. If the effect of such antedating were to evade the operation of any law, the case would be different. Thus, if to antedate the bonds were in effect to provide a higher rate of interest than permitted by law or authorized by the voters, this would be a substantial defect, but the statute last cited, requiring the detaching of coupons, would render it impossible for any claim for interest to accrue prior to their actual registration. So if the effect of antedating were to make the bonds mature, or to make them redeemable in a shorter period than the law permits, this, too, would be a substantial defect. But the bonds might, under the statute, be made to mature in any time from five to twenty years. The proposition contemplated the antedating, and the bonds issued in conformity thereto would, therefore, mature within the statutory period. They might be made redeemable in any time, not less than five years. Under the proposition they were made redeemable in ten, so that the period of redemption was within the statute. The antedating of the bonds in nowise rendered them in conflict with the statute, or the proposition submitted to the electors, and was in no sense a matter of substance. The case must be distinguished from such cases as *Wood v. City of Louisiana*, 5 Dill. [U. S.], 122, *City of Louisiana v. Wood*, 102 U. S., 294, and *Anthony v. Jasper County*, 101 U. S., 693, where the antedating was for the purpose of evading a registration law, which went into operation between the date of the bonds and the time of their issue; and also from such cases as *Coler v. Cleburne*, 131 U. S., 162, where the bonds were antedated and signed by the person who was mayor at the day of their date, but not mayor at the time of their actual

execution.    The case is more analogous to *Flagg v. Mayor of City of Palmyra*, 33 Mo., 440; *Commissioners of Marion County v. Clark*, 94 U. S., 278; *Township of Rock Creek v. Strong*, 96 U. S., 271; and *Dows v. Town of Elmwood*, 34 Fed. Rep., 114.    In *Flagg v. Mayor of City of Palmyra*, the bonds in question were aid bonds, and were dated prior to the passage of the ordinance subscribing for the stock purchased with the bonds.    In this case it is said: "This is the most plausible objection to the bond, but it is only plausible.    The bond complies literally with the law, in being payable twenty years after date, and bearing eight per cent interest.    The objection must then be that notwithstanding the literal compliance with the law, this is a substantial departure from the manifest intention.    It does not appear to be so."    In *Commissioners of Marion County v. Clark* the bonds were dated September 3, 1872, but not issued until November 4, following.    The bonds ran thirty years, and the court held that this time should be computed in that case from the time the bonds were actually executed and delivered, apparently applying a statute of Kansas to that effect.    Under this rule, the bonds would not exceed the lawful limit and they were held valid.    In *Township of Rock Creek v. Strong* the bonds were dated September 10, 1872, payable thirty years from October 15, 1872. The court held that their legal effect was precisely what it would have been had the date been inserted October 15, and that the defect was not substantial.    *Dows v. Town of Elmwood* is to the same effect.    All these cases support the principle upon which we base the decision, to-wit, that such an irregularity as the present does not affect the validity of the issue, where it does not affect the substance of the transaction by operating an evasion of the law or a departure from the proposition ratified by the voters.

WRIT ALLOWED.