BOARD OF COM'RS OF KEARNY COUNTY, KAN., v. VANDRISS.

(Circuit Court of Appeals, Eighth Circuit. April 23, 1902.)

No. 1,648.

1. MUNICIPAL BONDS—ESTOPPEL BY RECITALS—BONA FIDE PURCHASERS.
    Where municipal bonds were sold in the open market for full value to purchasers who had no knowledge of any facts impairing their validity, the municipality is estopped to deny the truth of recitals therein stating the act authorizing their issuance, and certifying that "all acts,

conditions, and things required to be done precedent to and in the issuing of said bonds have been properly done, happened, and performed in regular and due form as required by law"; and the bonds cannot be defeated unless they themselves, or the act under which they were issued, or both, when read together, disclosed that they were issued without authority or not in conformity with law.[1]

**2. STATUTES—SPECIAL LAWS—VALIDITY.**

Under Const. Kan. art. 2, § 17, prohibiting the enactment of a special law when a general law can be made applicable, as construed by the supreme court of the state, it is the province of the legislature and not of the courts to determine when a special law is necessary.

**3. MUNICIPAL BONDS—CONFORMITY TO STATUTE—TIME OF PAYMENT.**

Under a legislative act authorizing and directing a township to issue bonds, and providing that they should be payable 20 years from date, and, at the option of the township, might be called in and paid at any time after 10 years, such bonds are not invalid because by their terms they were made payable in 20 years from the 1st of January preceding the date of their issuance, in March; the township reserving the right therein to pay them at any time after 10 years; the provision relating to time of payment being merely directory, except as imposing a limitation beyond which the bonds should not be made to run.

**4. SAME—MODE OF EXECUTION.**

Under an act authorizing and directing a township board, which, under the law, consisted of the township trustee, clerk, and treasurer, to issue bonds, it is not essential to the validity of such bonds that they should be signed by all the members of the board; and they were properly executed by being signed by the trustee and attested by the clerk, with the seal of the township.

**5. SAME—EFFECT OF RECITALS.**

Bona fide purchasers of township bonds containing recitals that all acts precedent to and in the issuing of such bonds had been done as required by law, and bearing the certificate of the state auditor that they were "regularly and legally issued," and registered in his office, have the right to rely on the presumption that they were executed in pursuance of appropriate formal action of the township board.

**6. SAME—TAKING EFFECT OF ACT.**

An act authorizing a township to issue bonds, and providing that it should take effect "from and after its publication," was in effect during the whole day of such publication, so as to render valid bonds issued thereunder and bearing that date, in the absence of proof of the hour when the publication was made and when the bonds were signed.

**7. SAME — DISSOLUTION OF TOWNSHIP ISSUING — LIABILITY OF MUNICIPAL SUCCESSOR.**

Kearny county, Kan., is the municipal successor of the old township of Lakin, in Finney county, and liable for the obligations of such township, under the decision of the supreme court of the state, which is conclusive on the county in a federal court.

**8. JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY—HOW DETERMINED.**

A federal court has jurisdiction of an action to recover on coupons from municipal bonds aggregating in amount over $2,000, exclusive of interest, where the claim is made in good faith, although a plea of limitations is sustained as to some of the coupons sued on, which reduces the amount of recovery below that sum.[2]

---

[1] Bona fide purchasers of municipal bonds, see note to Pickens Tp. v. Post, 41 C. C. A. 6.

[2] See Courts, vol. 13, Cent. Dig. § 890.

Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Shoe Co. v. Roper, 36 C. C. A. 459.

In Error to the Circuit Court of the United States for the District of Kansas.

This action was brought by L. Vandriss, the defendant in error, against the board of county commissioners of Kearny County, Kan., the plaintiff in error, on 280 coupons that had been detached from municipal bonds. Said bonds, together with the certificate of the county clerk and state auditor, were in the following form:

"No. ———                                                    $250.00.

"United States of America.

"Funding Bond.

"Township of Lakin, Finney County, State of Kansas.

"Know all men by these presents that the township of Lakin, county of Finney, in the state of Kansas, for value received, promises to pay to the holder of the indebtedness funded by the issue of this bond, or bearer, the sum of two hundred and fifty dollars, at the fiscal agency of the state of Kansas, in the city of New York, on the first day of January, A. D. 1907, with interest at the rate of six per cent. per annum, payable at the fiscal agency of the state of Kansas, in the city of New York, semiannually, on the first days of January and July in each year, on presentation and surrender of the interest coupons hereto attached as they become due. After ten years from date the said township expressly reserves the right, upon service of notice at said fiscal agency at any time when coupons are due, to pay off this bond at such time thereafter, not less than one year, as may be named in said notice. This bond is one of twenty bonds of like tenor and date, issued for the purpose of funding certain indebtedness of said township of Lakin, under the provisions of an act of the legislature of the state of Kansas entitled 'An act to authorize the township board of Lakin, Finney county, Kansas, to issue bonds of said township to fund its outstanding floating indebtedness.' Approved March 5th, 1887. And it is hereby certified and recited that all acts, conditions, and things required to be done precedent to and in the issuing of said bonds have been properly done, happened, and performed in regular and due form as required by law.

"In testimony whereof, the township, by its trustee and township clerk, have hereunto set their hands. Done at Lakin this 12th day of March, 1887.
"[Seal.]                                    A. B. Roylan,
                                        "Township Trustee.

"Attest: F. C. Kennedy,
        "Township Clerk.

"State of Kansas, Finney County—ss.: This bond was duly registered in my office according to law this 14th day of March, A. D. 1887.
                                        "A. H. Burlis,
                                        "County Clerk.

"I, T. McCarthy, auditor of the state of Kansas, do hereby certify that this bond has been regularly and legally issued, that the signatures thereto are genuine, and that such bond has been duly registered in my office according to law this 15th day of March, 1887.

"Witness my official seal.
"[Seal.]                                    T. McCarthy,
                                    "Auditor State of Kansas."

Section 1 of the act of March 5, 1887, which is referred to in the bonds as the authority under which they were issued, is as follows:

"An act to authorize the township board of Lakin, Finney county, Kansas, to issue bonds of said township to fund its outstanding floating indebtedness.

"Section 1. That the township board of Lakin, Finney county, Kansas, be and said board is hereby authorized and directed to issue the bonds of said township, in amount not exceeding five thousand ($5,000) dollars, for the purpose of funding the floating debt of said township. Said bonds shall be known and designated as Lakin township funding bonds, shall be issued in denomination of two hundred and fifty ($250) dollars each, shall be made payable at the fiscal agency of the state of Kansas, in New York City, and

shall bear interest at the rate of six (6) per cent. per annum, payable semi-annually, and shall have interest coupons attached therefor. The principal shall be payable twenty (20) years from date, and at the option of the township at any time after ten (10) years said township may call and pay any one or more of said bonds." Laws Kan. 1887, c. 65.

The action was brought by the plaintiff below against Kearny county because Kearny county had become, as it was claimed, by reason of certain local legislation, the legal successor of the township of Lakin, Finney county.

Milton Brown and S. S. Ashbaugh, for plaintiff in error.

T. F. Garver (J. B. Larimer, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The testimony below showed, without contradiction, that the entire issue of bonds in suit, amounting to $5,000, was sold in the open market for cash, at a small premium above their par value, in the month of March, 1887, shortly after they were executed, and that the purchaser had no knowledge of any facts or circumstances impairing their validity, save such as was disclosed by the bonds themselves, when read in connection with the act under which they had been issued. The original purchaser of the bonds, and all subsequent holders thereof, who succeeded to his rights, must be regarded, therefore, as bona fide holders, unless the bonds themselves, or the act under which they were issued, or both, when read together, disclosed that they were issued without authority or not in conformity with law, and were for that reason invalid. E. H. Rollins & Sons v. Board of Com'rs of Gunnison Co., 26 C. C. A. 91, 80 Fed. 692, 700; Id., 173 U. S. 255, 274, 19 Sup. Ct. 390, 43 L. Ed. 689; Rathbone v. Board, 27 C. C. A. 477, 83 Fed. 125; Commissioners v. Clark, 94 U. S. 278, 286, 24 L. Ed. 59. If they were bona fide holders, the recital in the bonds is obviously of such a nature as will cure any irregularity in the exercise of the power to issue them which was conferred on the municipality by the act of March 5, 1887. The recital also estops the municipality from pleading that its officers acted fraudulently in issuing the bonds or in disposing of the proceeds. These defenses are eliminated by the recital, upon the assumption that the securities were sold to an innocent purchaser for value.

Counsel for the plaintiff in error urge in their brief that the act referred to above, authorizing Lakin township to issue the securities, was invalid, under section 17, art. 2, of the constitution of the state of Kansas, which prohibits the enactment of a special law like the one under consideration when a general law can be made applicable. But this contention is without merit, since the doctrine is firmly established in the state of Kansas that it is the province of the legislature, and not the province of the courts, to judge of the necessity for special legislation. The subject was considered by this court in Rathbone v. Board, 27 C. C. A. 477, 83 Fed. 125, and in Travellers' Ins. Co. v. Oswego Tp., 7 C. C. A. 639, 59 Fed. 58, and the Kansas decisions on the subject are there collected,—particularly in the case first above cited. We deem the local decisions construing the constitutional pro-

vision in question as binding upon this court, and nothing further need be said on that subject.

The next proposition which is urged, in behalf of the county, to defeat the payment of the bonds, is that they were not issued in conformity with the statute from which the authority to issue them was derived, because they were made payable on January 1, 1907, and were issued, as the certificate of the state auditor indicates, subsequent to March 15, 1887, so that they matured in somewhat less than 20 years. It will be observed, however, that by the terms of the statute the township had the option to call in and pay any one or more of the bonds after the lapse of 10 years, and as we construe the act, in the light of this provision, its effect was to fix a time, to wit, 20 years, beyond which the bonds could not run, while it gave the municipality the privilege of paying them at any time after the expiration of 10 years. As the township had the power to call in and pay the bonds after the lapse of 10 years, we perceive no reason why it might not, in the first instance, make them payable on January 1, 1907, instead of March 15th of that year. By making them payable at that time, instead of 2½ months later, it complied substantially with the provisions of the statute. Moreover, since the provision relative to the time of payment was directory in its character, and did not go to the essence of the power to issue, the failure to comply therewith strictly did not render the bonds void, as has several times been decided. Rock Creek Tp. v. Strong, 96 U. S. 271, 277, 24 L. Ed. 815; City of South St. Paul v. Lamprecht Bros. Co., 31 C. C. A. 585, 590, 88 Fed. 449; Dows v. Town of Elmwood (C. C.) 34 Fed. 114, 117. The proposition, therefore, that the bonds were void because they ran for a period which was a little less than 20 years, is, in our judgment, untenable.

Another claim is that the bonds are void on their face, even in the hands of a bona fide purchaser, because they are not signed by the township treasurer, who, as it seems, under the laws of Kansas, was a member of what is termed the "township board." With reference to this proposition, we observe that the act under which the bonds in suit were issued did not direct how they should be signed,—whether by one or all of the members constituting the township board. It not only authorized the board to issue the bonds, but directed that they should issue them; intending, as it would seem, to leave the board no discretion in the matter. Now, as bonds and contracts, when executed by private corporations, are usually signed by their chief executive officers, and attested by the corporate seal, if there is a seal, and as bonds and contracts thus signed are always regarded as having been executed by the proper persons, we perceive no reason why a township board or any other quasi municipal corporation may not execute bonds, which it has been authorized and directed to issue, in the same manner, unless there is a statute requiring them to be executed in a different form. In the case of Blair v. Cumming Co., 111 U. S. 363, 368, 4 Sup. Ct. 449, 28 L. Ed. 457, a law of the state of Nebraska authorized the county commissioners of a county to issue special bonds for and in behalf of precincts of the county; and bonds were issued, which were signed simply by the chairman of the board, and attested by the clerk, with the seal of the county attached. It was

held that the bonds were properly executed, although they were not signed by all the persons composing the board of county commissioners. See, also, Curtis v. Butler Co., 24 How. 435, 16 L. Ed. 745. By the laws of Kansas a township board consists of a township trustee, a township clerk, and a treasurer, the former of whom, as it seems, is the chief executive officer of the township; and inasmuch as the bonds in controversy were signed by the township trustee, and attested by the clerk with his seal, it follows, from the authority last cited, that they were properly executed, and that the signature of the remaining member of the board was unnecessary to render them valid obligations of the township.

Counsel for the county suggest, however, that it does not appear affirmatively that the township board, as a board, ever resolved to issue the bonds, or ever authorized the township trustee and the township clerk to sign them, and that no recovery ought to have been allowed, for that reason, although they were signed by the proper persons. This suggestion, we think, is without merit, in view of the fact that the bonds are in the hands of an innocent purchaser for value, who bought them on the strength of the recital that "all acts, conditions, and things required to be done precedent to and in the issuing of said bonds have been properly done, happened, and performed in regular and due form as required by law," and who also bought them on the faith of the auditor's certificate, which was appended to each bond, to the effect that they had been "regularly and legally issued." Because of this recital and the certificate of the auditor, an intending purchaser had the right to assume that the bond had been executed in pursuance of appropriate formal action which had been lawfully taken by the township board.

The special act of March 5, 1887, under which the bonds were executed, by its concluding section, declared that it should take effect from and after its publication in the Kearny County Advocate. It is said (although we have been unable to verify the statement by the record) that the act was not published until March 12, 1887, which is the day the bonds bear date; and for this reason it is insisted that they are invalid, because, as counsel urge, they ought not to have been issued until after March 12, 1887. This contention appears to be based on the theory that the act was not operative until March 13, 1887,—the day succeeding its publication. But it is a general rule that, where a computation is to be made from an act done, the day on which it is done is to be included; and, in accordance with that rule, it has been held on several occasions that a legislative act, when nothing is said to the contrary, takes effect on the day of its passage or approval, and is to be regarded as in effect during the whole of that day, except in those cases where the law takes notice of fractions of a day, and gives effect to an act from the hour it was actually passed or approved, as it always will do when it becomes necessary to decide upon conflicting interests and accomplish the ends of justice. Louisville Tp. v. Portsmouth Sav. Bank, 104 U. S. 469, 474, 26 L. Ed. 775; Arnold v. U. S., 9 Cranch, 104, 3 L. Ed. 671; Lapeyre v. U. S., 17 Wall. 191, 21 L. Ed. 606; In re Richardson, 2 Story, 571, Fed. Cas. No. 11,777; Coal Co. v. Barber, 47 Kan. 29, 27 Pac. 114. Applying

this doctrine to the case in hand, the act in question was either in force during the whole of March 12, 1887, the day when it was published and was to take effect, or it would be permissible to show the hour of the day when the publication was made, as well as the hour on which the bonds were signed; and, in the absence of any proof on that point, the presumption would be that they were not signed until the act was published, since the law never presumes that an act was done wrongfully when it may have been done lawfully. In either event, therefore, so far as the present record discloses, the bonds were valid obligations of the township, although they did bear date March 12, 1887. Moreover, the record shows that the bonds were not registered by the county clerk until March 14, 1887, nor certified by the state auditor until March 15, 1887, nor sold by the township until some days later, so that, in any event, they were not fully executed, and did not become valid obligations of the township by delivery, until some time after the act of March 5, 1887, had become a law.

Two other questions were suggested by counsel for the plaintiff in error on the argument, which will be noticed briefly. The first is that Kearny county is not the municipal successor of the township of Lakin, in Finney county, which issued the bonds. The second is that the trial court had no jurisdiction, because the amount of the coupons, on which a recovery was eventually allowed, was less than $2,000. As respects the first of these questions, the county is concluded by the decision of the supreme court of Kansas in Vandriss v. Hill, 58 Kan. 611, 50 Pac. 872, where it was expressly determined, in a manner that is binding on this court, that after the congressional townships which formerly composed Lakin township, of Finney county, became attached to Kearny county, and the latter county was organized, Lakin township, eo nomine, ceased to exist, and Kearny county became its municipal successor, and liable for all of the obligations of the township,—including, of course, the bonds now in controversy.

Respecting the other question, it is only necessary to say that the sum originally sued for exceeded $2,000, exclusive of interest and costs; and the fact that a recovery was not allowed on some of the coupons, because the statute of limitations was successfully pleaded as a defense thereto, does not defeat a jurisdiction which was once lawfully acquired. In cases of this kind it is the sum actually claimed in good faith by the plaintiff when he files his declaration or complaint which determines the jurisdiction of the court, and the fact that the plaintiff may not succeed in recovering all that he asks will not affect the jurisdiction of the court. Schunk v. Moline, Milburn & Stoddart Co., 147 U. S. 500, 504, 13 Sup. Ct. 416, 37 L. Ed. 255; Washington Co. v. Williams, 49 C. C. A. 621, 111 Fed. 801, 811.

Finding no error in the judgment below, it is hereby affirmed.