COMMISSIONERS OF SHAWNEE CO. *v.* COMMISSIONERS OF WABAUNSEE CO.

*Error from Shawnee County.*

The *per diem*, mileage and board of jurors, and the fees of bailiff necessarily in attendance upon them, in a criminal trial, though not technically costs in a case, are, as between counties, a burthen that must be borne by the county wherein the crime charged was committed. *So held*, in a case where a change of venue was granted, and a term of court held expressly to try the case.

The facts of the case sufficiently appear in the opinion of the court.

*Thomas Ryan*, for plaintiffs in error.

*A. L. Williams*, for defendants in error.

*Ryan* submitted:

1. County commissioners have no power to pay, except in cases specified in the statute. *Co. of Frank-lin* v. *Conrad*, 36 *Pa. S.*, 317.

2. Where the county in which the cause originated has been held for such costs, there has been a statute specially providing for such payment. (11 *Iredell*, 104; 1 *Carter* [*Ind.*], 309; 4 *id.*, 479.) The only statutory provision referring to costs of removal, is silent as to who shall be liable therefor. *Crim. Code*, § 171.

3. When the transcript is filed in the court to which the cause is removed, it becomes a case of that county; it stands, in every respect, "as if it had originated there." (*Comp. L.*, 261, § 167.) Jurors are paid out of the county treasury of the county in which they serve. *L. '66, p.* 111, § 2.

4. Defendant in error is alone liable. 4 *Mo.*, 433; 9 *Mo.*, 356; 7 *id.*, 433.

5. Neither county was liable for boarding and lodging of jurors and bailiffs. 24 *Geo.*, 82; 4 *Texas*; 19 *U. S. Dig.*, 163.

*By the Court*, Kingman, C. J.

R. A. Edwards was indicted for murder in Shawnee county, and was granted a change of venue to Wabaunsee county. A special term of the district court was ordered in the latter county, for the trial of Edwards only; and all the expenses allowed in this case were incurred, necessarily, in and about the trial

of said Edwards, and were paid by the county of Wabaunsee, which seeks to recover them from the county of Shawnee. The bill, itemized, was presented to the county board of Shawnee county, which refused payment. On appeal to the district court, the amount was allowed by that court, and that judgment is brought to this court for review. All the steps necessary and proper to make the bill a charge, were taken, and the only question is, which county should bear the burthen? Section 311, criminal code, provides that the costs shall be paid by the county in which the offense is committed, in which the defendant shall be convicted, and shall be unable to pay them.

Section 317 of the criminal code provides "that in all cases not herein otherwise provided, the costs shall be paid by the county in which the offense is committed."

The costs in this case are for the *per diem*, mileage and board of jurors, and the fees of bailiff necessarily in attendance upon them. These are not technically the costs in the case, as between plaintiff and defendant. Still, they constitute a charge that must be met and borne by some county, in the ordinary dispensation of justice; and it would seem right and proper that each county should bear its own burthens; and when, in the administration of justice, such necessary charges are incurred, it does not change the burthen.

When the change of venue takes place, the county that is so fortunate as to get clear of the trouble of the investigation, does not thereby escape from the penalty of paying the costs. Had this trial taken place in Shawnee, the county, under the law, would have been liable for all the expenses of this kind, necessarily and legally incurred. There is no provision of law that

throws this burthen upon another county. Thus, while there is no absolute provision of the statute applicable to this case, that very silence leaves the obligation to pay in the county where the offense was committed.

In ordinary cases, a jury and bailiff are part and parcel of the necessary machinery for holding a court, and the trial of a cause in such a court, sent there by a change of venue, could not be so distinguished from the other expenses of the court as to enable the county to throw back the charge upon the county whence it originated.

But in this case there is no such difficulty. The court was called and held exclusively for the trial of Edwards. The expenses of his trial properly and legally belonged to Shawnee county. And the county of Wabaunsee having paid these expenses, it is right that Shawnee should reimburse her. This the judgment of the district court ordered to be done, and the judgment is affirmed.

All the justices concurring.