THE STATE OF KANSAS, *on the relation of John T. Little, Attorney General,* v. L. D. LEWELLING, *Governor.*

LEGISLATIVE POWER — *Valid Statute — Creation of Municipal Township.* The legislature had the power, under the constitution, to pass chapter 98 of the Laws of 1893, and thereby make the territory from which the legislature of 1887 attempted to establish Garfield county a municipal township of Finney county; and the act, so far as it affects the *status* of that territory, is not in violation of either § 16 or § 17 of article 2 of the constitution.

## Original Proceeding in Mandamus.

APPLICATION by *The State*, by its relator, John T. Little, attorney general, for a writ of mandate to compel *L. D. Lewelling,* as governor, to appoint two persons as justices of the peace of that portion of the territory which was included in Hodgeman county prior to the passage of the act of 1887, by which the creation of Garfield county was attempted. The opinion herein, filed June 10, 1893, states the material facts.

*John T. Little*, attorney general, *Fred. C. Thomas*, and *T. A. Milton*, for plaintiff.
*Milton Brown*, for defendant.

The opinion of the court was delivered by

ALLEN, J.: The purpose of this action is to determine the legal *status* of the territory from which the legislature attempted to establish Garfield county, but failed because less than the required area was included within its boundaries, as held by this court, in the case of The State of Kansas, *ex rel., v.* Thomas Rowe *et al.* (No written opinion filed.) A writ of *mandamus* is asked, commanding the governor to appoint two persons as justices of the peace of that portion of the territory which was included in Hodgeman county prior to the passage of the act of 1887, by which the creation of Garfield county was attempted. No question is raised as to the form of the pleadings or the right to maintain such an action

against the governor, but both parties seek a decision of the court as to the validity of the act passed by the legislature entitled "An act creating the township of Garfield, of Finney county, Kansas, and making provisions therefor." (Approved March 11, 1893.) The plaintiff claims that this act is invalid, as being in violation of § 16, article 2, of the constitution, and that the subject-matter of the bill is not covered by the title. There is much said in the briefs with reference to the legal *status* of the territory out of which Garfield county was attempted to be created after the passage of the act of 1887 and prior to the passage of the act under consideration at the last session of the legislature. Inasmuch as the legislature has ample power to establish and change county lines, within the limits prescribed by the constitution, we do not deem it necessary to decide whether this territory still remained, "half of it in Hodgeman county and the other half in Finney," as contended on behalf of the plaintiff, or whether it was simply left out in the cold, as claimed by the defendant. The power of the legislature, by a further enactment, to attach this territory to any adjoining county, was as full in the one case as in the other. Plaintiff claims that, in order to create a township of Finney county, the territory must first be included in Finney county; but the word "create" is a very comprehensive one, and, as applied to the doings of human beings, ordinarily implies that they may get their material wherever they can.

We are unable to perceive that the legislature, in creating a township of Finney county, is restricted to territory already in Finney county. We must view this act in the light of the conditions existing at the time it was passed. Here was a portion of the state which a former legislature had attempted to form into a county. That attempt had failed because a provision of the constitution was violated. There was an urgent necessity that something should be done in order to give this territory local government. In order to provide for this necessity this act was passed. The title says it is for the purpose of creating Garfield township of Finney county. The

36—51 KAS.

body of the act provides that this territory shall be made a municipal township of Finney county, to be known as "Garfield township." It is true that the words, "and is hereby attached to Finney county, Kansas, for judicial purposes until the further provision for said territory by the legislature of this state," are added, but these words cannot be construed to evidence an intent on the part of the legislatutre to defeat the act *in toto*. It is a well-settled rule in the construction of statutes, that all the terms and provisions are to be so construed as to uphold the act and carry out the beneficial purposes of it, rather than to pick to pieces and destroy. It not infrequently happens that the language chosen is not the best that could have been selected; but whatever the words are, it is our province to ascertain from them the purposes of the law-making power, and to declare and enforce the will of the legislature as expressed in the act. It seems to us clear that the legislature intended that this territory should become a municipal township of Finney county, and that the title to the act would naturally lead anyone who might read it to peruse the act for the purpose of ascertaining where the territory was located, its boundaries and extent, from which the township was to be created, and the fact that the township was being named Garfield would be suggestive of a purpose to deal with this particular territory, especially under the circumstances then existing.

We are entirely satisfied with the former decisions of this court which declare that § 16, article 2, of the constitution is mandatory and must be observed. As was said in *Philpin v. McCarty*, 24 Kas. 393:

"Section 16, article 2, of the constitution is mandatory, not merely in requiring that the subject-matter of an act shall be clearly expressed in its title, but also in requiring that the act shall contain only one subject. But while this section should be enforced so as to guard against the evils designed to be remedied thereby, it should not be construed narrowly or technically to invalidate proper and needed legislation."

It is also claimed that this act is special legislation, and

therefore prohibited by § 17, article 2, of the constitution.     It was held in the early case of *The State, ex rel., v. Hitchcock,* 1 Kas. 178:

"Section 17, article 2, of the constitution, providing that 'in all cases where a general law can be made applicable, no special law shall be enacted,' leaves a discretion to the legislature, recognizes the necessity of some special legislation, and seeks only to limit, not to prohibit it.     The legislature must determine whether their purpose can or cannot be expediently accomplished by a general law."

And the doctrine declared in that case has been reiterated in numerous cases.     See *Beach v. Leahy,* 11 Kas. 23; *Comm'rs of Norton Co. v. Shoemaker,* 27 id. 77; *Harvey v. Comm'rs of Rush Co.,* 32 id. 159; *Knowles v. Board of Education,* 33 id. 692; *City of Wichita v. Burleigh,* 36 id. 34.     It is very difficult to see how the legislature could have provided for the government of this territory otherwise than by a special act, or how the boundaries of any county can ever be fixed otherwise than by special legislation.     We perceive no valid objection to the validity of this act, so far as it affects the *status* of the territory before designated as Garfield county.

We think the legislature had ample power to attach it to Finney county, and make it a municipal township thereof. The provisions of § 4 of said act we do not need to express any opinion upon in this case.

The writ will be denied.

All the Justices concurring.