THE STATE OF KANSAS, *on the relation of John N. Ives, Attorney General,* v. THE BOARD OF COMMISSIONERS OF GARFIELD COUNTY *et al.*

1. ORGANIZED COUNTY—*Its Least Area.*   Section 1, article 9, of the constitution of the state, ordains that no county can be organized nor the lines of any county changed so as to include an area of less than 432 square miles.

2. GARFIELD COUNTY—*Void Organization.*   Section 6, chapter 81, of the Laws of 1887, attempting to organize the county of Garfield, is unconstitutional and void, because, as attempted to be organized, such county contains an area of only 430½ square miles.

*Original Proceeding in Quo Warranto.*

PETITION, filed in this court January 21, 1892, wherein the plaintiff prayed judgment declaring the attempted organization of Garfield county illegal and void, and ousting each and all of the several defendants herein from further exercising or attempting to exercise the functions of the various offices which they were then attempting and assuming to hold, and for the dissolution of said county as a body corporate, etc. The said defendants duly filed their answer, wherein they denied each and every material allegation, matter and thing contained in the said petition except, etc.   Afterward there

was filed herein a certain stipulation, a copy of which (omitting caption and signatures of attorneys) is as follows:

"It is hereby agreed by and between the parties hereto, that the supreme court shall appoint a disinterested surveyor, (who shall live outside of Topeka, and not in the vicinity of Garfield county,) who shall make a survey of the boundary lines of said county. Said surveyor and chainmen shall, before proceeding to make said survey, take and subscribe an oath faithfully to perform their duties. They shall give notice to the attorneys of both plaintiff and defendants of the time and place of commencing such survey, and representatives of either side may be present at such survey. Said survey may be made and filed in the supreme court at any time before February 25, 1893, and shall be made on oath of the surveyor, and shall set forth the length of each of the sides of said county, and such other facts as shall be necessary to show the area of said county, and also a careful computation by said surveyor of such area.

"It is further agreed, that if such survey shows the area of said county to be more than 432 square miles, the finding of the court in this case shall be for the defendants. If such survey shows the area of Garfield county to be less than 432 square miles, the finding in this case shall be for the plaintiff."

On Tuesday, the 7th day of March, 1893, before the supreme court of the state of Kansas, in session at the supreme court room, in the city of Topeka, the following proceeding was had, and remains of record at page 11 of journal "V" of said court:

"THE STATE OF KANSAS, on the relation of J. N. IVES, attorney general, *Plaintiff*,

v.

"THOMAS ROWE, J. E. DAWSON, and JULIUS JOHANN, board of county commissioners, E. RALL, county treasurer, S. L. ALTENS, county clerk, L. W. FULTON, district clerk, JAMES PHELPS, sheriff, G. W. HOVEY, county attorney, A. T. IRVIN, register of deeds, J. V. KILLION, probate judge, M. L. RAMSEL, superintendent of schools, D. H. MANDIGO, coroner, and THOMAS MORRIS, surveyor, of Garfield county, Kansas, *Defendants*.

"And now, on this 7th day of March, 1893, this cause came regularly on for hearing, the plaintiff being represented

by *John T. Little*, attorney general, *S. D. Scott*, and *J. W. Parker*, its attorneys; the defendants Thomas Rowe, J. E. Dawson, Julius Johann, E. Rall, S. L. Altens, L. W. Fulton, James Phelps, G. W. Hovey, A. T. Irvin, J. V. Killion, M. L. Ramsel, D. H. Mandigo, and Thomas Morris, by *Milton Brown*, their attorney; and the defendants George L. Jones, executor of the estate of Joseph A. Jones, deceased, the Wayne County Savings Bank, of Detroit, Mich., H. P. Sinclair, and Benjamin Wissler, intervening bondholders, by *Rossington, Smith & Dallas*, their attorneys.

"Said cause was heard upon the motion of plaintiff for judgment according to the stipulation heretofore filed herein, and the report of G. W. Potter, surveyor, heretofore appointed by this court, also filed herein. And the court finds that Garfield county at all times has contained, and now contains, less than 432 square miles, and that the section of the statute of Kansas creating said county, being § 6, chapter 81, Laws of 1887, approved March 23, 1887, is unconstitutional and void.

"It is, therefore, considered, adjudged, and decreed, that said county of Garfield be and is hereby dissolved, and adjudged to be an unconstitutional and void organization.

"It is further ordered, adjudged and decreed by the court, that the application of intervening creditors for the appointment of a commission to assess, levy and collect taxes from the inhabitants within said territory be denied, but that nothing herein be taken or held to be an adjudication or determination of any of the rights, legal or equitable, of the said parties intervening, by Rossington, Smith & Dallas, as their attorneys, or of any creditors of the said Garfield county, as heretofore constituted.

"It is further ordered, that the defendants Thomas Rowe, *et al.*, pay the costs of this action, taxed at $——, and that execution issue therefor."