### L. VANDRISS v. GEORGE HILL et al.
#### No. 10031.

1. TOWNSHIP — abolished by transfer of all its territory to another county. When the territory included in a municipal township of one county is all transferred to, and included in, a new county, such township is thereby abolished, and the new county becomes its municipal successor.

2. —— and townships organized from the territory, by county to which transferred, not liable on bonds as original township's successor. The township of L. in the county of F. issued bonds, under an act of the Legislature, without a vote of the people. Afterward, all the territory comprised in the township was included in the new county of K., by act of the Legislature. After the organization of K. county, the townships of H. and L. were established, taken entirely from territory formerly included in the old township of L., and the township of S. S., partly from such territory. Held, that these three townships were not, nor was either of them, the municipal successor of the old township of L.; and that, where no such liability has been imposed by the Legislature, they are not liable for the payment of its bonds so issued.

Original proceeding in mandamus. Opinion filed November 6, 1897. Writ denied.

*Rossington, Smith & Dallas* and *Clifford Histed*, for plaintiff.

*A. J. Hoskinson* and *H. F. Mason*, for defendants.

ALLEN, J.   This is an action instituted in this court against the township officers of Lakin, Hibbard and South Side Townships, in Kearny County, to compel them to certify to the county clerk a percentage to be levied on their townships to pay interest coupons on certain bonds issued by the township of Lakin, in Finney County, on March 12, 1887. The County Commissioners, the Clerk, and the Treasurer of Kearny County are also joined as defendants, for the purpose of requiring them to perform their official duties in levying and collecting from the townships named taxes for the payment of these bonds.

At the time the bonds were issued, Lakin Township covered congressional townships 21, 22, 23, 24 and 25 of ranges 35 and 36 west of the sixth principal meridian, and was a municipal township of Finney County. The bonds were issued under the authority of chapter 65, Laws of 1887, which was published and took effect March 12. By chapter 81, Laws of 1887, approved on the same day as the first-mentioned act but not published until March 23, the county of Kearny was created, including all of the territory comprised in Lakin Township, with other land west and south of it. Kearny County was afterward organized, and, on April 3, 1888, the townships of Hibbard, Lakin and South Side were established by order of the County Commissioners. The townships of Hibbard and Lakin were taken entirely from the same territory that had been included in the old township of Lakin in Finney County. The township of South Side included a part of that territory and two other congressional townships south of it.

The plaintiff now seeks to compel these three townships to pay the debt claimed to have been contracted by the old township of Lakin. Several questions are raised as to the validity of the bonds. The conclusion we have reached renders it unnecessary to express any opinion on these questions. The bonds were issued without a vote of the people, and therefore did not become a lien on the real estate of the township, under chapter 142, Laws of 1873. *Hurt v. Hamilton*, 25 Kan. 76. The liability, if any, was therefore merely an obligation of the township as a political subdivision of the State. It did not attach to, or become a lien on, the particular territory included in it.

The question then arises whether the defendant townships are the municipal successors of the old township of Lakin, and as such liable for its debts. By the act creating Kearny County, the township of Lakin was destroyed, and all its territory transferred to, and included in, the new county of Kearny, without any provision for the payment of its debts. When a county or township is divided or its boundaries changed, it is within the province of the Legislature to determine how its property shall be divided and its debts apportioned. *Comm'rs of Sedgwick Co. v. Bunker*, 16 Kan. 498 ; *Chandler v. Reynolds*, 19 id. 249 ; Dillon's Municipal Corporations (3d ed.), § 187.

" Where one corporation goes entirely out of existence by being annexed to or merged in another, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the subsisting corporation will be entitled to all the property and answerable for all the liabilities." *Thompson v. Abbot*, 61 Mo. 176 ; *City of Wellington v. Wellington Township*, 46 Kan. 213 ; *Laramie Co. v. Albany Co.*, 92 U. S. 307 ; *Schriber v. Town of Langdale*, 66 Wis. 616, 29 N. W. Rep. 547 ; *Mobile v. Watson*, 116 U. S. 289 ; *Martin v. Dix*, 52 Miss. 53, 24 Am. Rep. 661.

When the new county of Kearny was created, it became the municipal successor of Lakin Township, under the authorities above cited. See also *Riley v. Garfield Township*, 54 Kan. 463. The organization of the townships of Hibbard, Lakin and South Side, from the territory which had comprised the old township of Lakin in Finney County, did not make them the successors of the old township, nor entitle them to its property nor render them liable for its debts. *Schriber v. Town of Langdale*, supra. While the County Commissioners are defendants in this case, no liability is alleged against Kearny County, and it would be manifestly improper to determine any question as to its liability on these bonds.

Judgment will be entered in favor of the defendants, for costs.