Finney County v. Gray County.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY
OF FINNEY v. THE BOARD OF COUNTY COMMISSION-
ERS OF THE COUNTY OF GRAY.

### No. 255.*

1. COUNTIES — *Payment for Keeping Prisoner — Presentation of
   Claim — Pleading.*   In an action by one county against another
   on a claim for keeping prisoners, it is not necessary that the plain-
   tiff set forth in its pleading that it has previously presented its
   claim to the county board for their allowance.   Such presentation
   does not constitute any part of the plaintiff's cause of action.
   (*Gillett v. Comm'rs of Lyon Co.*, 18 Kan. 411.)

2. ——— *Liability of County.*   Under the facts in this case, *held*,
   that Gray county is liable to Finney county for money paid the
   sheriff of Finney county for keeping a prisoner committed from
   Gray county.

Error from Gray district court; FRANCIS C. PRICE,
judge.   Opinion filed November 14, 1898.   Reversed.

*B. F. Stocks*, for plaintiff in error.

*Harry Brice*, and *H. F. Mason*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.:   This action was commenced in the
district court of Gray county by the board of county
commissioners of Finney county against the board of
county commissioners of Gray county, on an alleged
claim for the keeping of a prisoner committed to the
jail of Finney county by a committing magistrate in
Gray county, under paragraph 3549, General Statutes
of 1889 (Gen. Stat. 1897, ch. 132, § 16).   The allega-
tion in the petition as to the presentation of the claim
is as follows: "That said claim and amount is due
and wholly unpaid; that the same has been demanded

* Petition for order to certify denied by supreme court January 7,
1899. — REP.

and payment thereof refused.'' A demurrer to the petition was sustained by the trial court. The allegation is sufficient as against a demurrer. In the case of *Gillett v. Comm'rs of Lyon Co.*, 18 Kan. 410, the court said :

"The defendant objected to the introduction of any evidence under the plaintiff's bill of particulars, on the ground that the said bill did not state facts sufficient to constitute a cause of action. . . . It was not necessary that the bill of particulars should have stated that the several claims of the plaintiff had all been presented to the county board for allowance, and had been acted upon by them. Such a presentation of a claim constitutes no part of a plaintiff's cause of action. It is merely a part of the mode of procedure to enforce the causes of action already existing. And if the plaintiff fails to resort to this mode of procedure, the failure is merely matter for defense — merely matter for plea in abatement, to be set up by the defendant itself.''

The next question presented is, Was Gray county, under the facts alleged, liable to Finney county? It appears that during a portion of the time the prisoner from Gray county was the sole occupant of the jail, and Gray county now refuses to pay the one dollar per day due the sheriff for attending the jail. The prisoner was lawfully committed to the jail of Finney county. Section 16, chapter 132, General Statutes of 1897 (Gen. Stat. 1889, ¶ 3549), provides :

"And the sheriff of such nearest county shall . . . receive and keep in custody in the jail of his county the prisoner ordered to be committed as aforesaid, at the expense of the county from which such person was sent.''

If the sheriff is entitled to the fee of one dollar per day for taking care of the jail, and this is incurred solely on account of the prisoner from the other county,

Finney County v. Gray County.

it would follow that, since the sheriff is to keep the prisoner ''at the expense of the county from which such person was sent,'' in this case the debt was incurred by Gray county, and Gray county is responsible to the sheriff of Finney county for these fees.   There is no reason in holding that Finney county should pay this debt, which is brought about wholly by Gray county.   If the prisoner had been in jail in Gray county, that county would have had to pay its sheriff this fee, and it is paying no more by reason of his confinement in Finney county than if Gray county had a jail of its own.   Finney county paid this debt after judgment had been rendered against it in favor of the sheriff.   It would seem that under the circumstances it would be entitled to be subrogated to the rights of the sheriff.

In this case the sheriff has assigned his credit to the county commissioners of Finney county.   Without going into the question whether the county commissioners can, as a general rule, receive and take advantage of an assignment of an obligation, we can see no chance for abuse or speculation if the principle is not extended beyond the facts of this case.   The case of *Shawnee Co. v. Wabaunsee Co.*, 4 Kan. 314, is applicable in principle to the one at bar.

The judgment of the district court is reversed.