GARFIELD TOWNSHIP, FINNEY COUNTY, v. F. FINNUP.

### No. 204.

1. COUNTIES—*De Facto Existence*—*Cases Followed.* The decisions of the supreme court in *Riley v. Garfield Township*, 54 Kan. 463, 38 Pac. 560, and 58 id. 299, 49 Pac. 85, followed as to the liability of Garfield township, in Finney county, for valid debts created by the board of commissioners of Garfield county during the *de facto* existence of said county.

2. ———— *Warrants*—*Presentation for Payment.* In an action against Garfield township, in Finney county, to recover on warrants issued by the board of commissioners of Garfield county, the petition alleged that the warrants had been duly presented to the treasurer of Garfield county for payment, and by him indorsed "Not paid for want of funds." *Held*, that failure to allege presentation of the warrants for payment to the township board of said Garfield township did not render the petition demurrable. (*Finney County v. Gray County*, ante, p. 745, 54 Pac. 1100.)

Error from Finney district court; A. J. ABBOTT, judge. Opinion filed May 16, 1899. Affirmed.

*Milton Brown,* for plaintiff in error.

*A. J. Hoskinson,* for defendant in error.

The opinion of the court was delivered by

MILTON, J.: In this action F. Finnup recovered judgment against Garfield township, Finney county, on a number of county warrants issued under the authority of the county commissioners of Garfield county prior to March 7, 1893, at which date the organization of that county was declared invalid by the supreme court, in the case of *The State, ex rel., v. Comm'rs of Garfield Co.,* 54 Kan. 372, 38 Pac. 559. Each of the counts of the petition was in form as follows:

"Plaintiff states, for his —— cause of action, that the defendant is a duly organized municipal corporation and the legal successor of Garfield county, Kansas, and is constituted of the same territory and inhabitants formerly composing Garfield county, Kansas, and that on —— day of —— the board of county commissioners of Garfield county audited and allowed to the plaintiff against said Garfield county, Kansas, the sum of —— dollars, and ordered a warrant issued on the treasurer of said county, a copy of which is hereto attached, marked exhibit ——, and made a part hereof, and that on the —— day of —— said warrant was duly presented to the treasurer of said county for payment and indorsed by said treasurer 'Presented for payment and not paid for want of funds,' and that the defendant is indebted to the plaintiff upon said warrant in the sum of —— dollars, with six per cent. interest thereon from the —— day of ——.''

The defendant filed a motion, consisting of several separate paragraphs, to strike out certain allegations from the petition, and, in effect, asked that each and every allegation of each count of the petition be stricken out. The motion was overruled. The de-

Garfield Township v. Finnup.

fendant then demurred on all except the second of the statutory grounds. The demurrer being overruled, the defendant answered by a general denial, and an allegation that Garfield county never had a legal existence, and that on the 7th day of March, 1893, the supreme court of Kansas had so decided; and a further allegation that one of the warrants on its face appeared to have been issued at an adjourned meeting of the county commissioners. The affidavit verifying the answer related only to the allegation respecting the invalidity of the county organization. The plaintiff offered in evidence the original warrants and no further evidence was introduced by either party. The following admission appears in the record:

"It is admitted that there were persons claiming to act and were acting as the various county officers, as named under the law of Kansas, of the alleged county of Garfield, up to the time the supreme court, in the case of *The State, ex rel., v. Rowe,* declared them to be usurpers."

The foregoing refers to the case of *The State, ex rel., v. Comm'rs of Garfield Co. et al.,* supra.

After a careful consideration of the various propositions argued by counsel, we have reached the conclusion that the trial court did not err in overruling the demurrer and the motion to strike out, and that the judgment in favor of the plaintiff below was correct. The reasons for this conclusion are as follows: The status of Garfield township as a municipality, and in relation to the creditors of Garfield county, has been settled and determined by the legislature and the supreme court. In the case of *The State, ex rel., v. Comm'rs of Garfield County,* supra, wherein the act creating Garfield county was declared unconstitutional and void, and the county was held to be an unconstitu-

tional and void organization, the rights of its creditors were expressly declared not to have been adjudicated or determined. Eleven days after that decision was rendered, chapter 98, Laws of 1893, entitled "An act creating the township of Garfield, of Finney county, Kansas," etc., took effect. By this act the territory formerly known as Garfield county became a municipal township of Finney county. Section 2 of the act declares that the territory so attached should in no way become liable for any of the indebtedness theretofore created by Finney county; and section 3 declared that Finney county should in no way become liable for the indebtedness theretofore created by the organization theretofore known as Garfield county. In the case of *The State, ex rel., v. Lewelling, Governor*, 51 Kan. 562, 33 Pac. 425, the said act was declared constitutional and valid. In *Riley v. Garfield Township*, 54 Kan. 463, 38 Pac. 560, on the hearing of the motion to quash the alternative writ of mandamus, the court held :

" The township of Garfield, in Finney county, is, as a public municipal corporation, the legal successor of Garfield county, and therefore is liable for the valid debts created by that county during its *de facto* organization or existence."

In the same case, in the trial on its merits, the court held that Garfield county, from the time of its organization until the decision in the case of *The State, ex rel., v. Comm'rs of Garfield Co.*, supra, was a county *de facto*, and that the acts of its officers were the acts of *de facto* officers, and binding as such between the people of the county and persons dealing with them as public officers. (*Riley v. Garfield Township*, 58 Kan. 299, 49 Pac. 85.)

From the foregoing, it is clear that Garfield township

became the municipal successor of Garfield county, and therefore liable for the payment of the warrants sued on in this action, as the same were in due form and, presumptively, properly issued. The decision in *Vandriss v. Hill*, 58 Kan. 611, 50 Pac. 872, is not only not opposed to, but in fact sustains, the conclusion we have reached.

Counsel for plaintiff in error seems to claim that the defendant in error is bound by the language of the " admission " hereinbefore quoted, and that thereunder the officers who issued the warrants sued on must be regarded as usurpers. This position is untenable, in view of the decision in *Riley v. Garfield Township*, supra.

The contention that the plaintiff should have pleaded that he had made a demand on the proper officers of Garfield township for payment of the warrants is answered by the decision of this court in the case of *Finney County v. Gray County*, ante, p. 745, 54 Pac. 1100, where it was held that such an allegation was not necessary. This question was not raised by the answer and was therefore waived ; besides this, the petition here alleges that the warrants were duly presented to the treasurer of Garfield county for payment, and indorsed by the said treasurer, " Presented for payment and not paid for want of funds."

Other claims of counsel do not require specific mention. The judgment of the district court is affirmed.