GEORGE CAMPBELL *et al.* v. THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF LABETTE.

No. 12,348.   (65 Pac. 679.)

SYLLABUS BY THE COURT.

1. CONSTITUTIONAL LAW— *Special Legislation.*   The legislature
may prescribe by special law the amount of fees a probate judge
in any county may receive as his compensation for the perform-
ance of the duties of his office.   Such special legislation is not in
violation of section 17, article 2, of the constitution.

2. —————— *Fees of Probate Judge— Constitutional Provision
Construed.*   The provision in section 8, article 3, of the constitu-
tution, that probate judges shall " receive for compensation such
fees as may be prescribed by law," construed, and held to mean
such fees for the performance of the duties of the office as the
legislature may deem proper compensation for the performance of
such services, and not all the fees that the law may allow him to
collect from litigants and others transacting business with him in
his official capacity.

Error from Labette district court; A. H. SKIDMORE,
judge.   Opinion filed July 6, 1901.   Division one.
Affirmed.

*Geo. Campbell*, for plaintiffs in error.

*F. M. Brady*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: This was an action brought by the
board of county commissioners of Labette county to
recover from George Campbell, probate judge of said
county for two years beginning January, 1893, and
his bondsmen, certain sums of money collected by
Campbell as probate judge in excess of the amount of
compensation allowed by section 4, chapter 140, Laws
of 1889.

The case was heard upon an agreed statement of
facts, found in the record, by which it was shown

that, during the two years he was in office, Campbell collected fees from all sources aggregating $4901.22; that he received at one time from the county the sum of $337.60, and later the sum of $162.57; that he also received by mistake the sum of $12.25; that he paid into the county treasury the sum of $831.34; that, after deducting from the amount he had received the sum of $1250 per year, and the amount by him paid into the county treasury, and dividing the remainder of the fees, one-half to the county and one-half to Campbell, as provided in said section, he was indebted to the county in the sum of $881.69. Of this amount, as shown by the statement of facts, $16 was received for examining the accounts in the office of the county treasurer, and $16.80 for services performed in various miscellaneous matters. These two amounts, aggregating $32.80, were by the trial court deducted from the entire amount, and judgment was entered against Campbell and his bondsmen in the sum of $848.89. From this judgment defendants below bring error.

The sole contention of counsel for plaintiffs in error is that section 4, chapter 140, Laws of 1889, establishing the compensation of the probate judge of Labette county, is unconstitutional and void. This section reads as follows :

"The probate judge of Labette county shall receive in full compensation for his services the fees prescribed and allowed by law, and shall keep an accurate account of the same, but shall not be entitled to receive any salary from the county ; provided, however, that, if the fees of said officer shall not in any one year aggregate the sum of $1250, such officer shall receive from the treasurer of said county, upon order of the board of county commissioners, a sum sufficient to make the compensation for the services of said office for such year reach the sum of $1250 ;

and if such fees aggregate more than $1250, one-half in excess thereof shall be turned by him over, to the treasurer of said county, taking duplicate receipts therefor, one of which he shall file with the county clerk, and it shall become a part of the general fund of the county."

Counsel for plaintiffs in error predicates his argument to establish the unconstitutionality of this act first upon the ground that, as section 8, article 3, of the constitution, creates the probate court a court of record and confers thereon "such probate jurisdiction and care of estates of deceased persons, minors and persons of unsound minds, as may be prescribed by law," etc., and prescribes that the probate judge shall "receive for compensation such fees as may be prescribed by law" for the performance of such constitutional duties, the probate judge is entitled, by virtue of his office, to retain all fees by him received, properly charged and collected under the law, for the performance of these constitutional duties, and that the provision of the above act requiring payment out of the county treasury, in case the fees collected in any one year by the probate judge do not equal $1250, an amount sufficient to raise the compensation to $1250, and the provision requiring the payment by the probate judge into the treasury of the county, in case the fees collected exceed $1250, one-half of the excess above such sum, render the act unconstitutional and void.

The second ground is that, as the legislature may impose upon the person occupying the office of probate judge duties other than those over which the probate court is specifically given jurisdiction, it may prescribe the amount of compensation to be paid and received for the performance of such legislative duties, either in fees or salary, but that the amount so fixed must be

uniform throughout the state; and, as the section under consideration is expressly limited to Labette county, it is in violation of section 17, article 2, of the constitution, which provides that "in all cases where a general law can be made applicable no special law shall be enacted."

As to the latter contention, it has been expressly decided by this court that the legislature has the power, by special law, to prescribe the fees that may be retained, or salary to be paid to the county officers in the different counties of the state (*Comm'rs of Norton Co. v. Shoemaker*, 27 Kan. 77); and that in such matters of local concern it is the province of the legislature to determine and declare whether the object to be attained can or cannot be accomplished by the passage of a general law. (*The State, ex rel., v. Hitchcock*, 1 Kan. 178, 81 Am. Dec. 503; *Elevator Co. v. Stewart*, 50 id. 378, 32 Pac. 33; *The State, ex rel., v. Lewelling*, 51 id. 562, 33 Pac. 425; *Eichholtz v. Martin*, 53 id. 486, 36 Pac. 1064.)

As to the first proposition, in our opinion, counsel for plaintiffs in error misconceives the proper construction to be placed upon that clause of section 8, article 3, of the constitution, which provides that the probate judge shall "receive for compensation such fees as may be prescribed by law." It was not the intent of the framers of the constitution that the judges of probate courts should receive as compensation for the performance of the duties imposed by the constitution all of the fees which the legislature might provide should be paid by the parties litigant to the probate judge, but, on the contrary, that having created a court of record and made provisions for a judge thereof, by the expression used, it was the intent that the incumbent of such office should re-

ceive for compensation fees, and not a salary, and that the fees should be such as the legislature might provide by law; that it is competent not only for the legislature to fix the fees which shall be paid by litigants to the probate judge, in the transaction of the business over which this provision of the constitution expressly extends the jurisdiction of the probate court, by a general law applicable throughout the state, but that the legislature may also, by special law, determine what amount of such fees collected by the probate judge of any one county may be by him retained for his yearly compensation, and require the payment of the remainder into the treasury of the county.

As in the present case, the legislature has, by this special act under consideration, provided that the probate judge of Labette county shall collect all of the fees by law prescribed to be paid by litigants in the probate court in the performance of those duties imposed upon that court by the constitution, and also all of the fees as provided by the legislature in the performance of those acts devolving upon the probate judge over which the constitution does not extend the jurisdiction of the probate court, and permits him to retain out of the amounts so collected, as his yearly compensation for all services performed, all of such fees until the same equal in amount the sum of $1250, and provides for the covering into the treasury of the county one-half of the excess above such yearly compensation, so that in no year shall he receive less than the stated amount of $1250, such act is within the power of the legislature, is not prohibited by any constitutional provision, and is therefore valid.

It follows that the judgment of the district court must be affirmed.

Doster, C.J., Johnston, Greene, JJ., concurring.