THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GREENWOOD v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ELK.

No. 12,402.   (66 Pac. 1018.)

PRACTICE, DISTRICT COURT— *Change of Venue—Costs.* Where a change of venue is had in a civil case from one county to another, the former county is not liable to the latter for *per diem* fees of jurors trying the case, nor for fees of the sheriff or bailiff for attendance at court.

Error from Elk district court; C. W. SHINN, judge. Opinion filed December 7, 1901. Division one. Affirmed.

*T. C. Turner,* for plaintiff in error.

*W. A. McCausland,* county attorney, and *John Marshall,* for defendant in error.

*Per Curiam:* A change of venue was had in a civil case pending in Elk county. It was sent to Green-

wood county for trial. The latter county brought an action to recover from Elk county the jurors' *per diem* fees, $422; for the attendance of the sheriff on the court, $19.50; for the court bailiff, $19.50; and for the stenographer, $60. Judgment was confessed for the stenographer's fees. A recovery for the other items was denied in the court below.

We see no error in this. Costs incurred in criminal prosecutions by the state are by statute made payable by the county where the offense is committed. (Gen. Stat. 1901, § 5763.) We have been cited to no statute casting liability on Elk county for the items for which a recovery was denied. No costs were recoverable at common law; their allowance depends on the statute. (*The State v. Campbell and Jones*, 19 Kan. 481.)

The language used in the opinion in *Shawnee Co. v. Wabaunsee Co.*, 4 Kan. 312, is not applicable to the present controversy. That was a criminal case.

The judgment of the court below will be affirmed.

DOSTER, C. J., JOHNSTON, SMITH, ELLIS, JJ.