THE BOARD OF COMMISSIONERS OF HODGEMAN COUNTY v. THE BOARD OF COMMISSIONERS OF GARFIELD COUNTY.

1. DETACHED TERRITORY, *Not Liable for Tax to Pay Re-funding Bonds.* Re-funding bonds, executed and issued by the county commissioners of Hodgeman county under chapter 50, Laws of 1879, without a vote of the electors, are not a liability against territory subsequently detached from such county and attached to Garfield county, and no tax can be levied on the detached territory to pay such bonds.

2. BOND TAX, *Not Specifically Certified; Mandamus, Refused.* Under chapter 142, Laws of 1873, the county clerk of the county from which territory is detached is required to certify to the county clerk of the county to which such territory is attached the per centum of taxes necessary to be levied to meet the indebtedness of the old county which is a lien against the detached territory; and where the levy certified is in gross and for the purpose of paying several classes of bonds, some of which are not a charge against the detached territory, the authorities of the county to which such territory is attached may refuse to extend the levy, and they will not be compelled by *mandamus* to take any steps toward extending any such levy or tax until the proper certificate has been made.

### *Original Proceeding in Mandamus.*

PROCEEDING brought by the authorities of Hodgeman county to compel the board of county commissioners of Garfield county to levy certain taxes on territory which is now a part of Garfield county, but which was formerly included within the boundaries of Hodgeman county, for the purpose of paying the interest on and providing a sinking fund for certain bonded indebtedness of Hodgeman county. The cause was submitted on an agreed statement of facts, which is as follows:

"It is hereby stipulated and agreed by and between the parties hereto, that the following facts exist, and that this cause be submitted and determined upon the following agreed statement of facts:

"1. On October 30, 1883, the county of Hodgeman had a floating indebtedness of $4,000, consisting of county warrants, which indebtedness was a legal and valid claim against the county, and said county did, through its proper officers, issue

four re-funding bonds of the value of $1,000 each, due in thirty years from date, with interest thereon at the rate of six per cent. per annum, payable semi-annually on the 1st of January and July of each year.   Said re-funding bonds were duly issued by said county of Hodgeman, according to an act passed by the legislature in 1879, permitting cities, counties, &c., to re-fund their indebtedness, to wit, ch. 50, Laws of 1879.   At the time said re-funding bonds were issued, townships 21, 22, and 23 south, in ranges 27 and 28 west, now in the county of Garfield, were a part of Hodgeman county.

"2.  On the 30th day of March, 1886, a special election was held in Hodgeman county for the purpose of voting upon the question of issuing $10,000 in bonds of Hodgeman county, to build a court house in and for Hodgeman county.   A petition was duly presented to the board of commissioners of Hodgeman county, signed by fifty voters of said county, asking for a vote on said question, under the provisions of the act forming chapter 52, Compiled Laws of 1885.   Notice of the time and place of holding said election was duly made and given by publication in a newspaper of general circulation in said county for the time and in the manner required by said act, and at said election a majority of the voters of said county, voting at said election, assented to and voted for the issuance of said bonds, in the manner and by ballots as specified in said act.   Thereafter, on the 1st day of April, 1886, and in pursuance of the authority conferred on them by said election, and under and in pursuance of said act, (ch. 52, Gen. Stat. 1868,) the board of commissioners of Hodgeman county duly issued ten bonds of the county of Hodgeman of the value of $1,000 each, payable in twenty years from April 1, 1886, with interest thereon at the rate of six per cent. per annum, payable semi-annually, for the purpose of building a court house, as aforesaid.   At the time of the issuance of said court-house bonds of Hodgeman county, townships numbered 21, 22 and 23 south, in ranges 27 and 28 west, now a part of Garfield county, were a part of Hodgeman county.

"3.  On February 26, 1887, the county of Hodgeman being greatly in debt on matured and maturing indebtedness, consisting of county warrants, which were valid and legal claims against said county, and for the best interest of said county the board of commissioners, on the 26th day of February, 1887, re-funded $19,000 of the indebtedness of said county, consisting of county warrants, by issuing thirty-eight re-funding bonds of the value of $500 each, due January 1, 1917, with interest

thereon at the rate of six per cent. per annum, payable semi-annually.   Said re-funding bonds were duly issued in compliance with the provisions of an act of the legislature, passed in 1879, which enabled counties, &c., to re-fund their indebtedness, to wit, ch. 50, Laws of 1879.   At the time of the issuance of said $19,000 of re-funding bonds, townships numbered 21, 22, and 23 south, in ranges 27 and 28 west, now a part of Garfield county, were a part of Hodgeman county.

"4. On April 23, 1887, the county of Hodgeman was in debt to the extent of $9,000 on matured and maturing indebtedness consisting of county warrants, which were valid and legal claims against said county, and it being found necessary and for the best interest of the county, said Hodgeman county through its proper officers did re-fund said indebtedness by issuing nine re-funding bonds of the value of $1,000 each, due January 1, 1917, with interest thereon at the rate of six per cent. per annum, payable semi-annually.   Said bonds were duly executed and attested by the proper officers of said county, under the act of the legislature passed in 1879, enabling counties, etc., to re-fund their indebtedness, to wit, ch. 50 of the Laws of 1879.   On March 23, 1887, said townships 21, 22 and 23 south, in ranges 27 and 28 west, were detached from Hodgeman county, and attached to and formed a part of Garfield county, under ch. 81, Laws 1887, and thereafter, under the provisions of ch. 133, Laws of 1887, formed a part of Hodgeman county for judicial purposes.

"5. All of said county warrants re-funded as aforesaid were issued under the ordinary powers of the board of county commissioners, without a vote of the electors.   The court house constructed out of the proceeds of said bonds issued under ch. 52, General Statutes, is situated at Jetmore, in the county of Hodgeman, as it now exists, and no part or portion of it, or the site upon which it is erected, is within the detached territory here sought to be subjected to taxation.   Garfield county on the 16th day of July, 1887, became a duly and legally organized county, with a full complement of county officers, and capable of levying taxes and managing its affairs.

"6. The county commissioners of Hodgeman county met in regular session of August 3, 1887, it being the annual meeting of said board, for the purpose of levying the annual taxes of said county.   Said board of county commissioners, in order to pay the interest on the re-funding bonds issued by Hodgeman county on October 30, 1883, of $4,000; the court-house bonds of $10,000, issued April 1, 1886; the re-funding

bonds of $19,000 issued February 26, 1887, and the re-funding bonds of $9,000, issued April 23, 1887; and to provide a sinking fund for the payment of said bonds at their maturity, did make a levy of three mills on the dollar upon the taxable property of Hodgeman county, which levy was uniform throughout said county of Hodgeman, and caused the clerk of their board to certify, under the seal of their board, a statement of the amount of said levy, and transmit the same to the clerk of the board of county commissioners of Garfield county; and said clerk did transmit to the clerk of the board of county commissioners of Garfield county said statement, and said clerk received the same. The board of county commissioners of Garfield county failed and refused to make a levy of said tax on townships numbered 21, 22 and 23 south, in ranges 27 and 28 west, formerly belonging to Hodgeman county, but detached from Hodgeman county and attached to and being a part of Garfield county; or if they did make a levy, failed and refused to pay over the amount received from said levy, to the treasurer of Hodgeman county.

"7. On the 13th day of August, 1888, the board of commissioners of Hodgeman county met in regular session, it being the annual meeting of said board for the purpose of levying the annual taxes of said county; and said commissioners, in order to pay the interest accruing for the year 1888, on and to provide a sinking fund for the final payment of all the re-funding bonds herein mentioned, and the court-house bonds, amounting in all to the sum of $42,000, made a levy of two mills on the dollar on the taxable property of Hodgeman county, which levy was uniform throughout said county, and caused the clerk of their board to certify, under seal of their board, a statement of the amount of such levy, and to transmit the same to the clerk of the board of county commissioners of Garfield county; and the clerk did so transmit the same to said clerk of the board of county commissioners of Garfield county, and said clerk received the same. Said board of commissioners of Garfield county failed and refused and still fails and refuses to make a levy of said tax upon the taxable property in townships numbered 21, 22 and 23 south, in ranges 27 and 28 west, formerly belonging to and forming a part of Hodgeman county, but detached at that time from Hodgeman county and attached to Garfield county.

"8. Said defendant has wholly failed, neglected and refused to levy said taxes so determined and certified as aforesaid, upon said townships 21, 22 and 23 south, in ranges 27 and

28 west, for either of said years, and has wholly failed, neglected and refused to order said county clerk to make said levy or any part thereof, and refused to order the treasurer of Garfield county to pay over the amount of said levy when collected, to the treasurer of Hodgeman county."

The opinion herein was filed on October 5, 1889.

*Welch & Welch,* for plaintiff.

*Edwin A. Austin,* and *F. A. Hutto,* for defendant.

The opinion of the court was delivered by

JOHNSTON, J.: Two classes obligations or bonds are involved in this proceeding: one class is termed "re-funding bonds," and the other "court-house bonds." Both of these were issued and negotiated before the territory which is sought to be subjected to taxation for the payment of the bonds was detached from Hodgeman county and made a part of Garfield county. The re-funding bonds were issued by the board of county commissioners of Hodgeman county in pursuance of chapter 50 of the Laws of 1879, without a vote of the people, and their validity as a charge against Hodgeman county is unchallenged. The court-house bonds were executed and issued in pursuance of a vote of the electors, but their validity is questioned in this proceeding. The re-funding bonds, amounting to $32,000, were issued at different times for the purpose of canceling and satisfying county warrants that had been issued in the manner authorized by law; but neither the bonds nor the county warrants re-funded had ever been authorized or issued in pursuance of a vote of the electors, and this fact relieves the detached territory from liability for their payment. The territory detached from Hodgeman county is not subject to taxation for the payment of any indebtedness existing against that county, except as it is made so by chapter 142 of the Laws of 1873. That act expressly limits the liability to bonds that have been "legally authorized and issued by a vote of the electors of such county," previous to the change of boundary-lines; and hence the re-funding bonds in question are not a

charge against the territory detached, and no tax can be levied thereon to pay the same. (*The State, ex rel., v. Comm'rs of Kiowa Co.*, 41 Kas. 630; same case, 21 Pac. Rep. 601.)

It is contended by the defendant that no tax should be extended against the detached territory for the payment of the court-house bonds, for the reason that they were not legally authorized and issued by the vote which was taken. These bonds were issued in accordance with the provisions of chapter 52 of the Compiled Laws of 1885, being "An act to authorize the board of county commissioners and the authorities of cities to issue bonds for purposes of internal improvement," which took effect March 10, 1866. The claim is that this act has been repealed, at least so far as it authorizes the issuance of bonds for the purpose of erecting court houses, by the act of 1868, relating to counties and county officers, being §§ 16 to 20, inclusive, chapter 25, General Statutes. The law of 1866 is not expressly repealed by that of 1868, and repeals by implication are not favored. The earlier law appears to embrace many provisions not included in the later one, and it would hardly seem that the one was intended as a substitute for the other. We need not, and will not, now determine, however, this question, for the reason that the levies of 1887 and 1888 certified by the authorities of Hodgeman county are illegal and cannot be extended against the detached territory for the payment of the bonds, even if they are valid. Two levies were made and certified to the county clerk of Garfield county — that of 1887 was a levy of three mills on the dollar, in gross, to provide a sinking fund to pay the interest on the re-funding and court-house bonds, and to provide a sinking fund for the payment of the bonds at their maturity. For 1888, a levy of two mills on the dollar was made and certified to the county clerk of Garfield county for the payment of the interest and to provide a sinking fund for the final payment of $42,000 indebtedness, which includes both the re-funding and court-house bonds. Each levy was made in part for the payment of indebtedness for which the detached territory was in no way liable, and the authorities of Garfield county were not

warranted in extending the same as a tax on said territory. Neither were they required to separate the legal from the illegal; nor have they the record of the indebtedness showing the date of the bonds, the amount thereof, the rate of interest, and when the same become due, from which to determine the levy necessary to be made to meet the accruing interest and provide a sinking fund for their final redemption. This record is in the old county, and the statute requires the officers of that county to certify the per centum of tax which is to be levied to pay the bonds for which the detached territory is liable. (Laws of 1873, ch. 142.) More than that, it would seem that there should be separate and distinct levies for each class of bonds. The law under which each is issued provides that levies shall be made in each case, and that the tax derived from such levies shall not be diverted or applied to any other purpose. To properly observe these requirements it would seem to be necessary that a separate levy for each purpose and for each fund should be made, and thus avoid a confusion and mis-application of funds. The authorities of Garfield county ought not to be compelled by *mandamus* to act or be subjected to the payment of the costs of a judicial proceeding until the authorities of Hodgeman county have performed the duty imposed by law on them. Until the county clerk of Hodgeman county certifies the levy necessary to be made to meet the liability of the detached territory for the court-house bonds as the law requires, no duty rests on the authorities of Garfield county to take any steps toward extending the tax over such territory.

The peremptory writ must be denied.

All the Justices concurring.