GARFIELD TOWNSHIP, FINNEY COUNTY, v. SAMUEL DODSWORTH BOOK COMPANY.

**No. 280.*** ( 58 Pac. 565.)

1. COUNTIES—*Judicial Notice—Existence of County*. By chapter 98, Laws of 1893, the territory formerly known as Garfield county, Kansas, was made a municipal township of Finney county for judicial purposes. *Held*, that, in an action against the township to recover upon indebtedness created by the county, the *de facto* existence of the county, the existence of the township of Garfield, the succession of the township to the county and the liability of the township for the debts of the county are facts of which the court will take judicial notice, and need not be pleaded.

*Petition for order to certify denied by supreme court November 11, 1899.—REP.

2. —————— *De Facto Existence—Debts.* Garfield township being the legal successor of the *de facto* county of Garfield, is liable for the valid debts of the county contracted during its *de facto* existence. (Laws of 1893, ch. 98; *Riley v. Garfield Township,* 54 Kan. 463, 38 Pac. 560.)

3. LIMITATION OF ACTION—*Pleading—Objection by Demurrer.* The objection that a cause of action is barred by the statute o limitations cannot be taken by demurrer unless the petition shows on its face that the cause of action is barred by the statute. (*Chellis v. Coble,* 37 Kan. 558, 15 Pac. 505.)

4. —————— *County Warrants.* A county warrant is such a promise in writing that an action may be brought thereon against such county at any time within five years from the date of its issue. (*Walnut Township v. Jordan,* 38 Kan. 562, 16 Pac. 812.)

5. —————— *Evidence Sufficient.* The evidence examined, and *held,* that it shows that a valid delivery of the goods had been made prior to the dissolution of the *de facto* county.

6. CONSTRUCTION OF STATUTES—*Words and Phrases.* The word "year," as used in section 1, chapter 25, and section 320, chapter 25, Compiled Laws of 1879, is, under rule 11 for the construction of statutes, in section 8, chapter 1, General Statutes of 1897 (Gen. Stat. 1899, § 7009), construed to mean a calendar year.

Error from Finney district court; WM. EASTON HUTCHISON, judge.   Opinion filed October 17, 1899. Affirmed.

### STATEMENT.

THIS action was brought by defendant in error in the district court of Finney county, against plaintiff in error, to recover on an account for goods and merchandise alleged to have been furnished by plaintiff to what was known as Garfield county, Kansas, and also to recover upon certain county warrants purporting to have been issued to plaintiff by order of the board of county commissioners of such county.

Plaintiff alleged in its petition that "the defendant, Garfield township, is a corporation organized and acting under the laws of the state of Kansas, attached to the county of Finney for judicial purposes; that said

48—9 KAN. APP.

Garfield township comprises all the territory hereto-fore known and designated as Garfield county, in the state of Kansas; that heretofore, from July, 1887, to March, 1893, said Garfield county was a duly acting county of the state of Kansas; that by chapter 98 of the Laws of Kansas, passed at the session of the legislature held that year, 1893, the said territory heretofore known as Garfield county, Kansas, was incorporated into the municipal township of Garfield and attached to Finney county, Kansas, for judicial purposes; that the said Garfield township is successor to the county of Garfield aforesaid, and to all rights and liabilities thereof, and by reason of the said succession, and the premises, became, was and now is liable for the indebtedness of said county of Garfield."

Plaintiff then set out in its petition the different causes of action sued upon, for which it asked judgment. A copy of the account sued upon, properly verified, and also copies of the warrants, were attached to the petition as exhibits.

The defendant filed a motion to require the plaintiff to make its petition more definite and certain "by setting out specifically whether it is intended to be alleged in said petition that the county of Garfield was ever a legally organized county of the state of Kansas; and also by setting out specifically whether plaintiff claims that defendant is the successor of such county in virtue of the facts stated in the petition or by virtue of other facts, and if in virtue of other facts, what such facts are."

This motion was by the court overruled, and defendant then demurred upon the ground that the facts stated in the petition did not constitute a cause of action. The demurrer was overruled, and defendant then answered, and denied all the allegations contained

in the petition except such as were admitted, and, as a second ground of defense, expressly denied "that the alleged county of Garfield ever had any legal existence"; and further alleged "that the act of the legislature of Kansas which purported to create such county was unconstitutional and void ; . . . that on the 7th day of March, 1893, the supreme court of Kansas adjudged the pretended organization of such county to be null and void and decreed the dissolution of such pretended county of Garfield ; that all acts of persons assuming to be officers of said county were wholly void and of no effect ; that the warrants sued upon by plaintiff are not the warrants of any county that has, or ever had, any legal existence, and are null and void." This ground of defense was properly verified.

As a sixth ground of defense, the defendant further alleged "that each of the warrants set out in the petition was issued after the persons acting as a board of county commissioners for such county of Garfield had already in the same year issued warrants in excess of and to a greater amount than the total county tax levied in the same year to defray county charges and expenses."

Upon trial of the cause, judgment was rendered in favor of the plaintiff for $1266.60, and the defendant brings the case to this court and asks that the judgment of the lower court be reversed.

*Milton Brown*, for plaintiff in error.

*L. H. Finney*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : The first contention of counsel for plaintiff in error is that the court erred in overruling

the motion to make the petition more definite and certain. It is insisted that there is no statement of fact in the petition on which any court can legally say that as a matter of law Garfield township was the successor of Garfield county and legally liable under contracts or acts of the supposed county of Garfield. We think otherwise, but even if it were admitted that such facts were not pleaded it does not follow that the court erred in overruling the motion. The fact of the existence of the *de facto* county of Garfield, the succession of the township to the county and the liability of the township for the debts of the county ( if the township was liable) are facts of which the court would take judicial notice, and it was not necessary that they be pleaded. · (*Prell v. McDonald*, 7 Kan. 426 ; Bliss, Code Pl. §§ 179, 181, and 186.)

It is further contended by counsel for plaintiff in error that the court erred in overruling the demurrer filed by defendant to the petition of plaintiff, and it is urged that such petition " did not disclose sufficient facts showing as a matter of law why any person, and particularly said township, should be compelled to pay what this plaintiff claims."

The petition alleged the indebtedness of Garfield county upon account, and a copy of the account, duly verified, was attached to the petition. The issuance and delivery of the warrants by the officers of Garfield county was alleged and copies of the warrants were also attached to the petition. Garfield township is the legal successor *of the de facto* county of Garfield ( Laws 1893, ch. 98 ; *Riley v. Garfield Township*, 54 Kan. 463, 38 Pac. 560), and as such successor is liable for the valid debts of the county contracted during its *de facto* organization. (*Riley v. Garfield Township*, supra ; Dillon, Mun. Corp., 3d ed., § 187.)

Counsel for plaintiff in error also insists that the demurrer should have been sustained on the ground that the various causes of action set out in the petition were barred by the statute of limitations. Even if this were true the objection could not be taken by demurrer, unless the petition showed on its face that the causes, or at least some of them, were barred by the statute. (*Chellis v. Coble*, 37 Kan. 558, 15 Pac. 505.)

In the case of *Walnut Township v. Jordan*, 38 Kan. 562, 16 Pac. 812, it is held that a township warrant is such a promise in writing that an action may be brought thereon against such township at any time within five years from the date of its issue. None of the warrants, as it appears from the petition, was issued more than five years before the filing of the petition, nor does it appear that the cause of action set out in the first count of the petition, which is upon account, was barred by the three-year provision of the statute.

If the warrants were valid obligations, then it cannot be held that it appears upon the face of the petition that the cause of action was barred. In the case of *Riley v. Garfield Township*, supra, the supreme court held that certain refunding bonds issued by Garfield county were valid obligations in the hands of *bona fide* purchasers. If refunding bonds issued by the commissioners of Garfield county were valid obligations, we see no good reason why we should not hold that warrants issued by the same board are valid also. Counsel for plaintiff in error contends that a bond has the effect of a lien but that a warrant has no such effect. If a bond has the effect of a lien it is because it has been issued by authority of a vote of the electors of the county. The bonds in the Riley case were issued by the commissioners partly on account of county

warrants and we are unable to perceive any logical distinction between bonds issued to refund warrants and the warrants themselves, so far as the question of their effect as a lien is concerned. The cases cited by counsel for plaintiff in error do not sustain his contention that a bond issued to refund warrants is more effectual as a lien than the warrants themselves.

The case of *Vandriss v. Hill*, 58 Kan. 611, 50 Pac. 872, is not in point, because the court did not pass upon the validity of the bonds; it was simply held that certain townships were not the legal successors of a township out of which they had been organized, where such townships had become part of a new county. It was held that as the bonds had not been voted upon by the people of the old township, they did not attach to or become a lien on the property of the township. It was held that the county became the successor of the township, and as no liability was alleged against the county, the court of course declined to determine the question as to the liability of the county on the bonds. The case of *Comm'rs of Hodgeman Co. v. Comm'rs of Garfield Co.*, 42 Kan. 409, 22 Pac. 430, was on the construction of a specific statute which expressly limits the liability to bonds that have been "legally authorized and issued by a vote of the electors of the territory detached from one county and attached to another county" previous to the change of boundary line; and hence this case is not in point. We think that the warrants were valid obligations, and that an action brought within five years from the date of issue would be in time, and the court properly overruled the demurrer.

It is argued by counsel for plaintiff in error that the defendant was under no circumstances entitled to recover under the first count, and it is alleged that the

goods were not delivered before the supreme court rendered a decree dissolving the county of Garfield.

We think that the evidence shows that the goods were delivered to a common carrier for transportation on or before the 31st day of December, 1892.   The decree of dissolution was pronounced March 7, 1893, and we think that it is established that a valid delivery was made before the *de facto* county ceased to exist.

It is also urged by counsel for plaintiff in error that the court erred in sustaining the objection of the plaintiff to the introduction in evidence by the defendant of the records of the board of county commissioners, showing the tax levied by said board for county purposes ; in sustaining the objection of the plaintiff to the introduction in evidence of the abstract of the assessment rolls of Garfield county, to show the amount of taxable property in Garfield county for the year 1890 ; and in sustaining the objection to the introduction in evidence by defendant of pages 14 to 37 of the record of Garfield county to show the number and amount of county warrants issued between July 1, 1890, and the time of the issuance of warrants claimed in the sixth ground of defense in defendant's answer to have been issued after warrants to the full amount of the tax levied for the year had already been issued.

The defendant based its sixth ground of defense upon section 1, article 16, chapter 25, Compiled Laws of 1879 (Gen. Stat. 1899, § 1787), which reads (in part) as follows :

"It shall be unlawful for any board of county commissioners or county clerk to issue county warrants or orders in any one *year* to a greater amount than the amount of the county tax levied in the same year to defray county expenses."

And section 320, chapter 25, Compiled Laws of 1879, which reads (in part) as follows:

"In counties where the taxable property is less than five million dollars, the board of county commissioners shall not levy a tax for the current expenses of any one year of over one per cent. on the dollar of such valuation."

It is evident that counsel for plaintiff in error construes the word "year," as used in the statutes, to mean a fiscal year. An examination of the evidence offered shows that there was no overissue for a calendar year. We do not think, however, that the word "year," as used in the statute, can be held to mean a fiscal year. Rule 11 for the construction of statutes (Gen. Stat. 1897, ch. 1, § 8; Gen. Stat. 1899, § 7009) provides: "The word 'month' means a calendar month, unless otherwise expressed; and the word 'year' alone, and also the abbreviation 'A. D.,' is equivalent to the expression 'year of our Lord.' "

The Christian or Gregorian calendar, which numbers the years from the birth of Christ, has been adopted by all Christian nations, and the expression "year of our Lord" has a well-settled meaning, and indicates a year which begins January 1 and ends with the 31st of the succeeding December.

Since the evidence rejected does not show that any of the warrants sued upon are part of an overissue for a calendar year, the ruling of the court sustaining the objection to the introduction of the evidence in question could not, in any event, have been prejudicial to defendant.

Other errors are complained of, but they are not such as to justify a reversal of the cause.

The judgment of the district court is affirmed.