GARFIELD TOWNSHIP, FINNEY COUNTY, v. F. M. HUBBELL AND F. C. HUBBELL, *Partners as F. M. Hubbell & Son.*

No. 279.   (59 Pac. 600.)

1. CONSTRUCTION OF STATUTES—*Case Followed.*  The case of *Garfield Township v. Dodsworth*, ante, p. 752, 58 Pac. 565, holding that the word "year," as used in section 1, article 16, chapter 25, and section 220, chapter 25, Compiled Laws of 1879, should, under rule 11 for the construction of statutes (Gen. Stat. 1897, ch. 1, § 8; Gen. Stat. 1899, § 7009), be construed to mean a calendar year, is followed.

2. COUNTY WARRANTS—*Limitation of Action.*  Assuming that the statute of limitations may be set up as a defense to a cause of action upon registered county warrants, it is held that the right of recovery upon warrants which were presented for payment and duly indorsed by the county treasurer "Presented and not paid for want of funds" within five years prior to the commencement of the action, and within a reasonable time after the issuance of such warrants, is not barred by the statute.

50—9 KAN. APP.

Error from Finney district court; WM. EASTON HUTCHISON, judge.   Opinion filed December 13, 1899. Affirmed.

*Milton Brown*, for plaintiff in error.

*Rossington, Smith & Dallas*, for defendants in error.

The opinion of the court was delivered by

MILTON, J.: The defendants in error recovered judgment in the district court of Finney county against the plaintiff in error upon 101 county warrants, aggregating $1443.05, which had been duly issued by the county commissioners of Garfield county during the years 1890, 1891, and 1892.   Practically all of the warrants were issued within five years before the commencement of the action, and all were within that period certified by the county treasurer as having been "presented and not paid for want of funds."

The principal defense was that Garfield county, so called, had never legally existed as a county.   Affecting five of the warrants was the defense that such were barred by the statute of limitations, the same having been issued more than five years before the commencement of the action.   As against certain warrants issued in 1891 and prior to July 1 of that year, the defense was that such warrants were issued in excess of the tax levy for the year 1890 for county expenses. It was admitted by the defendant below that the warrants sued on were executed by the proper officers of Garfield county at the dates named in the warrants.

The liability of Garfield township as the municipal successor of Garfield county for the debts of the latter has been determined and declared in the following cases :   *Riley v. Garfield Township*, 54 Kan. 463, 38 Pac. 560 ; *Riley v. Garfield Township*, 58 id. 299, 49 Pac. 85 |

The record does not state the amount of the tax levy of Garfield county in the year 1891.   We have held in the case of *Garfield Township v. Dodsworth,* ante, p. 752, 58 Pac. 565, that the word "year," as used in section 1, article 16, chapter 25, and section 220, chapter 25, Compiled Laws of 1879, should, under rule 11 for the construction of statutes (Gen. Stat. 1897, ch. 1, § 8 ; Gen. Stat. 1899, § 7009), be construed to mean a calendar year.   The objection that the warrants which were issued in the year 1891 are invalid must be overruled.

The statute of limitations did not bar the plaintiff's right of action upon the warrants issued prior to December 30, 1890.   (*Stevens County v. Tandler,* ante, p. 761, 56 Pac. 564.)   In the case last cited, as in the present case, it was assumed by counsel for both sides that the statute of limitations could be properly set up as a defense to an action upon registered county warrants, the same as in an ordinary action upon a written promise for the payment of money ; and counsel differed solely as to the time when the statute commenced to run, one side contending that it began to run at the date of the issuance of the warrants and the other that it did not start until the presentation of the warrants and the refusal to pay the same for want of funds. As between the two contentions just stated the court decided in favor of the latter.   That was the only question intended to be decided, and no other could have been properly there determined.   Nor do we here decide that registered warrants are barred after five years from the date of their registration.   It is still an open question, and one that has not yet been directly and properly presented for decision in this court.

The judgment of the district court will be affirmed.