H. H. SAWYER, Appellant, v. V. E. STEINMAN, Appellee.

**Intoxicating liquors:** CANVASS OF STATEMENT OF CONSENT: RECORD OF FINDINGS: SUFFICIENCY. A board of supervisors in canvassing a statement of consent to the sale of intoxicating liquors, and in making its record of such canvass, is not required to detail in the record all of the facts upon which its findings are based; but a finding and the record thereof showing that the statement of consent contained the signatures of more than sixty-five percent of the legal voters of the county, outside of a city, who voted at the last general election as shown by the poll list, and also that the statement contained the genuine signatures of a majority of the voters in each town or township of the county, except a certain town and township, was sufficient.

**Same:** CANVASS OF SUCCESSIVE STATEMENTS WITHIN ONE YEAR. The provision of the statute that only one statement of consent to the sale of intoxicating liquors shall be canvassed, "in any one year," means a calendar year, and not an interim of twelve months between the presentation and canvass of successive petitions.

Weaver, J., and Deemer, C. J., dissenting.

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, Judge.

SATURDAY, JULY 9, 1910.

ACTION of injunction under the statute against the defendant as a saloon keeper of Sioux City. There was a decree in the lower court dismissing the petition, and the plaintiff appeals.—*Affirmed.*

*John F. Joseph,* for appellant.

*Henderson & Fribourg,* for appellee.

EVANS, J.—The case was tried below upon a written stipulation as to the facts. This stipulation provided "that the defendant in this action has in all respects complied with all of the provisions of title 12, chapter 6, of the Code of Iowa and the amendment thereto, unless it be with respect to the petition of consent filed with the county auditor and canvassed by the board of supervisors and as appears on the records," etc. The records of the board of supervisors are stipulated into the record of the trial. From these it appears that in January, 1901, the board of supervisors of Woodbury County canvassed a certain statement of consent for the sale of intoxicating liquors under the mulct law in territory outside of Sioux City, that being the only city in the county containing five thousand or more inhabitants, and they caused to be entered of record their

purported finding as to the result. The defendant's saloon is and was operated in the town of Cushing, an incorporated town in the township of Rock in said county. It is urged by the appellant that the record of the finding of the board of supervisors was not sufficient in detail and form to confer authority upon any person to operate a saloon in the town of Cushing. The finding of the board of supervisors in that respect as appears from its record is as follows: "That said statements contain the genuine written signature of more than sixty-five (65) percent of all of the legal voters of Woodbury County, Iowa, outside of Sioux City, who voted at the last general election, as shown by the poll list of said election; and also contain the genuine signature of a majority of the voters of every town and township in Woodbury County except the town and township of Sloan and township of Woodbury."

I. It is argued by appellant that this record is insufficient because it does not set forth specifically the names of the towns and townships, and does not state the number of voters in each township and the number of petitioners therein. It is urged that this finding, "merely recites the ultimate conclusion, and is not a statement of the facts as required by the statute."

1. Intoxicating liquors: canvass of statement of consent: record of findings: sufficiency.

Section 2450 provides for the canvass of a statement of consent by the board of supervisors, and provides that "its finding as to the result in . . . the various towns and townships therein shall be entered of record, and such finding shall be effectual for the purpose herein contemplated until revoked as herein contemplated." There is no provision of the statute which in terms requires a "statement of facts" as contended for by appellant to be entered of record. "Its finding as to the result," and this alone, is required to, be entered of record. The fair construction of this language does not in our judgment require the details of facts to be entered upon the record of the board

of supervisors.    The only purpose that could be subserved
by setting forth the number of voters in a township and
the number of voters who had signed the statement of
consent would be to enable any person to determine for
himself whether the requisite majority appeared from such
township.    But the duty of making this finding and enter-
ing the same of record was cast by the statute upon the
board of supervisors.    It did not require that the evidence
upon which the finding was made should be entered of
record.

Nor does the statute prescribe the form of the "find-
ing" in other respects.    It does not in terms require that
each township be named upon the records of the board.
It should undoubtedly be construed to require that the
finding of the board be sufficiently definite so that it could
be ascertained therefrom to a certainty whether a saloon
might lawfuly be operated in the incorporated town of
Cushing in Rock Township.    We think that fact does
appear from the finding entered of record as definitely
and certainly as if the name of the town had been in-
corporated therein.    We would therefore be trifling with
the statute to hold that the record was insufficient for
failure to incorporate therein the name of the town.    Our
conclusion is that the trial court rightly held that the
finding of the board of supervisors as entered of record
was not vulnerable to the complaint made against it.

II.    It appears that in April, 1900, the board of
supervisors canvassed a statement of consent for the same
territory as is considered in the foregoing division of this
opinion, and that it entered of record its
finding thereon to the effect "that it is suffi-
cient for the following townships, to wit."    It
did not affirmatively show any finding by
the board that a majority of the voters in any township
had signed the statement of consent.    Its only finding in
that respect was that sixty-five percent of the voters in

2. SAME:
canvass of
successive
statements
within one
year.

the county, outside of Sioux City, had signed the same. It failed, therefore, to state the ultimate facts as distinguished from legal conclusions, and by common consent it appears to have been deemed insufficient. Thereupon another statement of consent was presented which was passed upon as already indicated on January 7, 1901. It is now argued that the second canvass of the statement of consent was illegal and void because it was had within twelve months succeeding the prior canvass. Whether the question of the right of the board of supervisors to make this second canvass at the time that it did can be raised at this time and in this way we will not stop to consider, but will deal with the question as the appellant presents it. Section 2450 provides that "only one statement of general consent . . . shall be canvassed by the board of supervisors *in any one year.*" Appellant's argument at this point turns upon the construction which should be put upon the expression "in any one year."

Appellant contends that it should be construed as equivalent to "within twelve months." The word "year" is, of course, often used as meaning a period of twelve months. But it is manifest that a clear distinction may exist between the expressions "within twelve months" and "in any one year." Under our statute of definitions, the word "year" is presumptively equivalent to "year of our Lord." Section 48, par. 11. This latter expression undoubtedly means an identical year as indicated by the Christian calendar, commencing January 1st and ending December 31st. And we think that must be the construction to be placed upon the statute under consideration. No cases are cited to us which hold to the contrary. For cases adopting such construction, see, *Garfield v. Dodsworth,* 9 Kan. App. 752 (58 Pac. 565); *Atlanta v. Ray,* 70 Ga. 674; *Fretwell v. McLemore,* 52 Ala. 145; *Engleman v. State,* 2 Ind. 91 (52 Am. Dec. 494). Appellant places some reliance upon the case of *In re Intoxicating Liquors,* 120 Iowa,

680. That case, however, does not support the argument. That case was made to turn upon another point, and the point, which we are now considering was not considered. We think the trial court correctly construed the statute at these points.

It is argued that we should construe these statutes so as to prevent evasion, as provided therein, and this we are at all times disposed to do. But this does not mean that we shall add anything to a statute by judicial construction *ex post facto*. Let the law be diligently enforced in letter and in spirit; but let it be written plainly, and judicially construed as written, so that every offender may know his offense before he commit it. In such way, and in such way only, may the ax of sure and severe punishment fall justly.

The order of the trial court is *affirmed*.

WEAVER, J. (dissenting).—1. The statement in the foregoing opinion the "finding as to the result and this alone" is the sole requirement of the statute, while correct in a certain sense, has the effect as there used to unduly narrow the expressed legislative intent. What the statute requires is that a record shall be made of the board's "finding as to the result . . . in the various towns and townships" of the county. This I interpret as meaning that the record shall show, not merely the broad conclusion stated in general terms that the petition is or is not subscribed by a "majority of the voters of every town and township in Woodbury County," with certain exceptions, but a record showing, as to each and every town and township, the number of voters disclosed by the poll lists of the last general election, and the number of such voters whose names appear on the petition of consent. Without such record, the right of appeal which the statute preserves to every citizen of the county would be greatly hampered. It leaves every essential fact veiled in impenetrable ob-

scurity. The simple statement that the petition was signed by a majority of the listed voters in all the towns and townships of the county is not a statement of the results of the canvass, but is rather a statement of the conclusions of mixed law and fact which the board has drawn from the result of its canvass—a result of which no record has been made. If this board was canvassing the votes upon the election of the county treasurer or other officer a mere record that a certain candidate received a majority of the votes without any statement or showing of the number of votes cast and for whom cast would not be tolerated, and I am unable to see why any less specific record should be approved in the case at bar.

II. Concerning the other question treated in the opinion, I am inclined to the view that the statutory provision that no more than one statement of consent shall be canvassed by the board "in any one year" was intended to insure an interim or period of repose of at least one year between the presentation and canvass of successive petitions. If this be the intent, then the construction adopted by the majority, that the phrase "in any one year" is meant the calendar year from January 1st to December 31st, inclusive, serves or may serve to defeat it, and, although the board has canvassed and found insufficient a petition of consent at its November term, it may proceed to canvass another at its next meeting in January following. I think it was the purpose of the Legislature to avoid such results, and that at least twelve months should intervene after one canvass is made before another is undertaken.

In my judgment the decree appealed from ought to be reversed.

DEEMER, C. J., concurs in the foregoing dissent.