Daniel W. Krug Russell County Attorney Russell County Courthouse P.O. Box 3 Russell, Kansas 67665
Dear Mr. Krug:
As County Attorney for Russell County, you request our opinion regarding whether a question authorizing a change in the method of selection of members of the Russell Regional Hospital Board may be submitted on November 4, 1997, to the electorate of Russell County.
The Russell Regional Hospital is operated pursuant to K.S.A. 19-4601 et seq. Historically, the members of the governing board of the hospital were appointed to their positions. On November 5, 1996, the electorate of Russell County approved a resolution changing the method of selection of the hospital board members from appointment by the board of county commissioners to election by the electorate of the county. It appears some electors of Russell County are now planning to circulate petitions seeking to bring to an election a resolution changing the method of selection of hospital board members from election back to appointment. You inquire as to whether K.S.A. 19-4605(d) precludes submission of the question on November 4, 1997, to the electorate of Russell County.
Subsection (d) of K.S.A. 19-4605 establishes the procedure to be followed in changing the method of selection of members of a hospital board.
 "The [county] commission, upon being presented with a petition signed by not less than 5% of the qualified electors of the county requesting the manner of selection of the board be changed, shall adopt a resolution providing for the change. The question of changing the method of selection shall be submitted to a vote of the qualified electors of the county at a regular county primary or county general election or, if no regular county election is to be held within six months from the date of adoption of the resolution, at a special election called for the purpose of submitting such question. The resolution shall not be effective until a majority of the qualified electors voting on the question at such election vote in favor of the question. Such question shall not be submitted to the electors of the county at any election more than once in any one year." K.S.A. 19-4605 (emphasis added).
Rules of statutory construction are set forth in K.S.A. 1996 Supp. 77-201.
 "In the construction of the statutes of this state, the following rules shall be observed, unless the construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute:
. . . .
 "Eleventh. Month' means a calendar month, unless otherwise expressed. Year' alone, and also the abbreviation A.D.,' is equivalent to the expression year of our Lord.'" K.S.A. 1996 Supp. 77-201.
In Garfield Township v. Dodsworth, 9 Kan. App. 752
(1899) and Garfield Township v. Hubbell, 9 Kan. App. 785
(1899), the Kansas Court of Appeals reviewed application of a similar rule for construction to a statute regarding issuance of county warrants or bonds in "any one year."
 "Rule 11 for the construction of statutes (Gen. Stat. 1897, ch. 1, § 8; Gen. Stat. 1899, § 7009) provides: The word "month" means a calendar month, unless otherwise expressed; and the word "year" alone, and also the abbreviation "A. D.," is equivalent to the expression "year of our Lord."'
 "The Christian or Gregorian calendar, which numbers the years from the birth of Christ, has been adopted by all Christian nations, and the expression year of our Lord' has a well-settled meaning, and indicates a year which begins January 1 and ends with the 31st of the succeeding December." Dodsworth, 9 Kan. App. at 760.
See also Hubbell, 9 Kan. App. at 787.
The Court determined that it was required to look at a calendar year, rather than a fiscal year, in attempting to determine whether an over-issuance of county warrants or bonds had occurred.
All statutes are presumed to be enacted with full knowledge of the existing condition of the law and with reference to it. Early Detection Center, Inc. v. Wilson, 248 Kan. 869, 874 (1991). Therefore, it is presumed the Legislature was aware of the rules for statutory construction provided in Article 2 of Chapter 77 at the time it enacted K.S.A. 19-4605. The intent of the Legislature in enacting the provision in K.S.A. 19-4605
stating that questions regarding changes in the manner of selection should not be submitted to the electorate more than once in any one year was to provide some stability in the selection of members to the hospital board by prohibiting repeated elections within a year. This intent is served when interpreting the provisions of K.S.A. 19-4605 according to the rules of statutory construction provided in K.S.A. 1996 Supp. 77-201. Therefore, K.S.A. 19-4605 precludes submitting to the electorate of a county more than once in any one calendar year a question regarding a change in the manner of selection of the members of a hospital board. Provided a question regarding a change in the manner of selection of the members of the Russell Regional Hospital Board has not previously been submitted in 1997 to the electorate of Russell County, such question may be submitted to the electorate on November 4, 1997.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm